**R. B. BUTLER, INC. et al., Appellants,**

**v.**

**Fred HENRY et ux., Appellees.**

**No. 6080.**

Court of Civil Appeals of Texas, Waco.

October 26, 1979.

Rehearing Denied Nov. 15, 1979.

Royce R. Till and Russell H. McMains, Fulbright & Jaworski, Houston, Steven C. Barkley, Evans & Moses, Beaumont, for appellants.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, John M. O'Quinn and Ernest H. Cannon, Riddle, Murphrey, O'Quinn & Cannon, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

Appellees Henry and wife, plaintiffs, sued appellants R. B. Butler, Inc. and McMahan Construction Company, Inc., defendants, seeking recovery for the destruction of their home and its contents that resulted from a fire on April 25, 1978. Plaintiffs alleged defendants dozed brush from a road right-of-way, piled it near their home, set it on fire when the wind was blowing from the direction of the brush pile toward their home, that the wind blew the fire onto the roof of their home burning it down, and that their home and all its contents were a complete loss.

It was established that Butler had a contract with the State of Texas to widen and pave Farm Road 1453 which ran near plaintiffs' home; that McMahan agreed with Butler to doze off the right-of-way, stack and burn the brush for Butler; that McMahan dozed, stacked and burned a pile of brush 306 feet from plaintiffs' home; that plaintiffs' home caught fire and burned; and that the house and its contents were a total loss.

Trial was to a jury which found: 1) through 8) McMahan was negligent in where and how it set and tended the brush fire, which was a proximate cause of plaintiffs' loss.

9), 10) and 11) Butler failed to furnish proper protection to the adjacent landowners, which was negligence, and a proximate cause of plaintiffs' loss.

12) Butler's negligence caused 50% of the occurrence and McMahan's negligence caused 50% of the occurrence.

13) Plaintiffs' damage for loss of the house was $43,000.

14) Plaintiffs' damage for loss of furniture and possessions was $38,000.

The trial court rendered joint and several judgment for plaintiffs against McMahan and Butler on the verdict for $84,765.12 ($81,000. plus prejudgment interest), and further decreed that Butler and McMahan have each established a right to require the other to pay one-half of the judgment, and that if either one pays more than one-half it shall have the right to recover from the other such excess payment.

Both McMahan and Butler appeal.

### McMahan's Appeal

McMahan appeals on 3 points asserting there is no evidence and/or insufficient evidence to support the jury's finding of $38,-

000. in answer to Issue 14 (plaintiffs' damage for loss of furniture and possessions).

Appellees have filed motion to dismiss McMahan's appeal on the ground that McMahan's appeal bond was not filed within 30 days after judgment as required by Rule 356 TRCP.

Judgment was rendered by the trial court on November 15, 1978; McMahan filed no motion for new trial; and filed its appeal bond on February 12, 1979.

■ Rule 356 TRCP requires appeal bond to be filed "within thirty days after rendition of judgment or order overruling motion for new trial, or after motion for new trial is overruled by operation of law".

Such requirement is mandatory and jurisdictional. *Glidden Co. v. Aetna Casualty & Surety Co.*, 155 Tex. 591, 291 S.W.2d 315; *Bellmead State Bank v. Campbell*, Tex.Civ. App. (Waco) nwh, 386 S.W.2d 205; *Wilson v. Worley*, Tex.Civ.App. (Waco) nre, 562 S.W.2d 22.

■ And the fact that Butler filed motion for new trial and timely filed its appeal bond cannot help McMahan.

■ An appellant must base his appeal on his own actions and cannot rely on the acts of other parties to extend the time limits within which he must file his appeal bond. *Olivares v. Service Finance Corp.*, Tex.Civ.App. (San Antonio) nwh, 513 S.W.2d 946; *Angelina County v. McFarland*, Tex., 374 S.W.2d 417; *Perez v. Los Fresnos State Bank*, Tex.Civ.App. (Corpus Christi) nwh, 512 S.W.2d 796; *South Padre Development Co., Inc. v. Realty Growth Investors*, Tex.Civ.App. (Corpus Christi) nre, 543 S.W.2d 880.

■ Even if we did have jurisdiction we would be compelled to overrule McMahan's points because McMahan is attacking the very judgment it requested the trial court to render. McMahan filed motion for judgment reciting the jury's verdict and praying the trial court render judgment jointly and severally against itself and Butler for $81,000. plus interest at 9% from April 25, 1978. A party who induces the court to render a certain judgment cannot later complain of such judgment. *Rogge v. Gulf Oil Corp.*, Tex.Civ.App. (Waco) nre, 351 S.W.2d 565; *Smith v. Chipley*, Com. App., Adopted S.Ct., 118 Tex. 415, 16 S.W.2d 269; *American Surety Co. v. Whitehead*, Com.App., 45 S.W.2d 958.

### Butler's Appeal

Points 1 through 8 contend the trial court erred in overruling Butler's motion to disregard the jury's answers to Issues 9, 10 and 11 because Butler was not legally responsible for guarding against McMahan's negligence; and that there is no evidence and/or insufficient evidence to support the jury's answers to Issues 9, 10 and 11.

Such issues found Butler failed to furnish proper protection to the property of adjacent landowners; that such was negligence; and a proximate cause of plaintiffs' loss.

Butler asserts it was not legally responsible for guarding against McMahan's negligence because McMahan was an independent contractor. There is evidence Butler retained the right to control the details of the work including where the brush should be burned, and retained the right to fire McMahan employees on the job if it wanted to. Such is evidence that McMahan was an employee of Butler and not a subcontractor. *Newspapers, Inc. v. Love*, Tex., 380 S.W.2d 582. Butler requested no issue as to whether McMahan was a subcontractor, nor did Butler object to the absence of such issue in the trial court's charge.

■ It is not conclusively established that McMahan was a subcontractor, thus, the issue is deemed found by the trial court in support of the judgment. Rule 279 TRCP.

Thus, Butler had the duty to protect adjacent landowners, Restatement of Torts, Second, Sections 300, 302.

Butler contracted with the State to do work on the Farm Road near plaintiffs' house. McMahan was employed by Butler to clear the right-of-way and burn the brush. Lockhart, who was McMahan's superintendent, testified about a meeting

with Howard, the superintendent for Butler, and that he told him that McMahan would not be responsible for fire getting out. The brush was burned by McMahan's employees with Butler's knowledge and pursuant to its agreement. No equipment was furnished to extinguish the fire if it got away from them. No water was made available. Mrs. Wager, the neighbor who first spotted the fire on plaintiffs' house, testified "if we had had some water we could have put it out". Witness Denson, who conducted an investigation of the damage to plaintiffs' property, testified that if water had been available the house and its contents could have been saved. The brush fire was started 306 feet from plaintiffs' house.

Points 1 through 8 are overruled.

Point 9 asserts the trial court erred in rendering judgment for contribution in favor of McMahan and against Butler, and in refusing to grant Butler's requested judgment for indemnity against McMahan, because McMahan breached a duty to Butler in failing to safely perform the contract work.

The judgment for plaintiffs was joint and several against both McMahan and Butler; and further decreed the two defendants each established a right to require the other to pay one-half of the judgment, and that if either pays more than one-half it should have the right to recover from the other such excess payment.

McMahan was Butler's employee. McMahan was negligent in burning the brush which burned plaintiffs' house. Butler was negligent in failing to furnish proper protection to adjacent landowners. Both McMahan's and Butler's negligence were proximate causes of plaintiffs' loss.

In most indemnity cases, one tortfeasor has breached a duty which he owed to his co-tortfeasor and to the injured plaintiff. Although both tortfeasors are liable to the injured plaintiff, as between themselves, the blameless should be allowed indemnity. In order to determine whether the loss should be shifted from one tortfeasor to another the proper approach is to consider the one seeking indemnity as though he were plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co-tortfeasor. *Austin Road Co. v. Pope,* 147 Tex. 430, 216 S.W.2d 563; *General Motors Corp. v. Simmons,* Tex., 558 S.W.2d 855.

McMahan in negligently burning the brush and burning plaintiffs' house violated a duty to plaintiffs and to Butler. Butler in not providing fire protection and water to McMahan violated a duty to plaintiffs and to McMahan.

Moreover, VATS 2212a would appear to require the disposition here made. Point 9 is overruled.

The appeal of McMahan is dismissed; and the judgment is AFFIRMED.

AFFIRMED.