**Gilda Lane Ritchey TEAFF, Appellant,**

v.

**Darnce H. RITCHEY, Sr., et al., Appellees.**

**No. 9242.**

Court of Appeals of Texas, Amarillo.

July 31, 1981.

Rehearing Denied Sept. 24, 1981, with opinion.

McClesky, Harriger, Brazill & Graf, Clarence P. Brazill, Jr., Lubbock, for appellant.

Thomas J. Griffith, Harvey L. Morton, Lubbock (Atty. Ad Litem), Ralph H. Brock, Amarillo, Joyce Hill, San Antonio, for appellees.

COUNTISS, Justice.

This is a dispute over the ownership of approximately $50,000 in life insurance proceeds payable as a result of the death of Darnce H. Ritchey, Jr. (hereafter "Darnce"). When Darnce's former wife, appellant Gilda Lane Ritchey Teaff (hereafter "Gilda"), claimed all of the proceeds, and his surviving wife, his two children from his marriage to his former wife and his parents, the appellees, claimed various portions of the proceeds, the insurance company initiated this suit and tendered the funds into court for determination of the proper distribution. Interpreting the court-approved property settlement agreement between Darnce and Gilda as granting sole ownership of the insurance policies to him, the trial court granted appellees' motions for summary judgment, denied Gilda's motion and divided the insurance proceeds among the appellees in the manner designated by Darnce in changes of beneficiary he executed after his divorce from Gilda. We agree with the trial court that there are no material disputed facts, but we disagree with the trial court's interpretation of the property settlement agreement. We affirm in part and reverse and render in part.

Darnce and Gilda were divorced on November 24, 1976. As a part of the divorce proceedings, they signed, and the trial court

approved, an agreement incident to divorce that, as pertinent here, stated:

(C) The parties desire to completely and forever settle their property rights in and to their community property, which is all of the property that either of them possesses, and to effect a partition of said community property by this agreement,
. . .

NOW, THEREFORE, the said parties hereto, in consideration of the premises and pursuant thereto, agree and covenant to and with each other, in the following manner, to-wit:

### I.

The HUSBAND shall have and receive as his sole and separate property and estate the following:

\*    \*    \*    \*    \*    \*

B. *All personal effects and household contents and furniture in his possession* (emphasis added).

\*    \*    \*    \*    \*    \*

### II.

The WIFE shall have and receive as her sole and separate property and estate the following:

A. All jewelry, wearing apparel and personal ornaments, and all of the silverware, dishes, glassware, linens, rugs, drapes, furniture and furnishings now in the home of the parties located at 9101 Belton Ave., Lubbock, Texas, *and all other community property of the parties not expressly herein given to the Husband* (emphasis added).

The agreement does not specifically mention the insurance policies. It is undisputed, however, that the policies were community property of Darnce and Gilda. At the time of the divorce, Gilda was the primary beneficiary of the policies. The record does not reveal who had possession of the policies either before or after the divorce. Also, there is no evidence that, prior to Darnce's death, the insurance company was notified of the terms of the property settlement agreement or that Gilda advised the insurance company of her claim of sole ownership of the policies. After the divorce some premiums were paid by Gilda, some by Darnce's parents and some by his friends. Darnce married his surviving spouse after the divorce from Gilda and executed several changes of beneficiary prior to his death from leukemia on August 23, 1979. His last designations of beneficiary gave the majority of the insurance proceeds to his surviving wife and divided the remainder between his children and his parents.

After the insurance company tendered the policy proceeds into court the parties before us interposed claims to the funds and filed motions for summary judgment. The trial court concluded that Darnce was the sole owner of the policies at his death under that portion of the property settlement agreement quoted in italics above, wherein he received "all personal effects . . . ." Thus, Darnce's designated beneficiaries, the appellees here, were awarded the proceeds from the policies.

■ Under two points of error, Gilda's primary argument in this court, in derogation of the trial court's judgment, is dual: (1) the insurance policies were not "personal effects" and thus not given to Darnce, and (2) the insurance policies were solely owned by Gilda because of the grant to her of "all other community property of the parties not expressly herein given to the Husband." In resolving the issues before us, we must determine the intent of the parties, as evidenced by the terms of the settlement agreement. *Steeger v. Beard Drilling, Inc.*, 371 S.W.2d 684 (Tex.1963). The parties expressly stated, in the introductory section of the agreement, their general intent to completely and forever settle and effect a partition of their community rights. Thus, we must ascertain whether the words they used accomplished their intention.

Our first inquiry is whether Darnce was the sole owner of the policies by virtue of the grant to him of "all personal effects . . . ." We conclude that the quoted phrase did not give him ownership of the policies. The words "personal effects" are defined generally as relating to "[a]rticles associat-

ed with person, as property having more or less intimate relation to person of possessor; ..." Black's Law Dictionary 1301 (rev. 4th ed. 1968).[1] Texas cases define the term in essentially the same way. Thus in *First Methodist Episcopal Church South v. Anderson*, 110 S.W.2d 1177, 1183, (Tex.Civ.App.-Dallas 1937, writ dism'd), the court said personal effects are articles of personal property "bearing intimate relation or association to his person . . . ." *See also Goggans v. Simmons*, 319 S.W.2d 442, 445 (Tex.Civ.App.—Ft. Worth 1958, writ ref'd n. r. e.).

Applying the foregoing definition to this case, it is apparent that the settlement agreement did not give sole ownership of the insurance policies to Darnce. The policies are not personal articles having an intimate relation or association with him. This court judicially knows that the words "personal effects" are frequently used in divorce settlements and judgments. Within that context we believe they refer to items of personal property used or usable primarily by the person to whom they are related, such as clothes, toilet articles, eye glasses and dentures. We do not believe the words refer to significant items of intangible personal property such as the insurance policies in this case.

The second inquiry, then, is whether Gilda received sole ownership of the policies under the residuary clause of the settlement agreement, wherein she was granted "all other community property of the parties not expressly herein given to the Husband." We conclude that she did. We see no reason to twist, turn and distort the clear language used by Darnce and Gilda. *See Pace Corporation v. Jackson*, 155 Tex. 179, 184, 284 S.W.2d 340, 344 (1955). They stated that the agreement was for the purpose of settling their rights in, and partitioning all of, their community property.

They agreed that Gilda would receive all community property not expressly given to Darnce. The policies were community property. They were not expressly given to Darnce. Thus, we must conclude the parties intended the agreement to dispose of the policies, they are encompassed within the language employed by the parties, and Gilda received sole ownership of them.[2]

The error refused decision of *Partin v. De Cordova*, 464 S.W.2d 956 (Tex.Civ.App.—Eastland 1971, writ ref'd), is in accord with our construction of the residuary clause. In that case the property settlement agreement granted the wife an automobile, her clothing and personal effects. The agreement awarded the husband "all other community assets . . . ." *Id.* at 956. There, as here, the insurance policies were not specifically mentioned in the property settlement agreement. The court stated that the ex-wife surrendered her community interest in the policies, under the language of the residuary clause awarding the husband all other community assets. The court did permit the ex-wife to receive the proceeds of the insurance policies as the designated beneficiary, however, because the insured did not change the beneficiary after the divorce and the court did not believe the residuary clause effected a surrender of her rights as designated beneficiary. The statement of the court that the ex-wife surrendered her community interest in the policies is dictum. However, the Supreme Court's refusal of writ of error in the case indicates approval of the principles of law declared in the opinion. *See Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 383, 110 S.W.2d 561, 565 (1937). Thus, based on the clear language used by the parties and in accordance with the statement from *Partin*, we hold that the settlement agreement gave the policies to Gilda and she became the sole owner of the policies under the

1. The Black's dictionary definition illustrates the importance of the modifier "personal" by stating that "effects" means "movable or chattel property *of any kind* (emphasis added)."

2. We also observe that the grant to Gilda of all property not *expressly* given to Darnce would,

in this case, prohibit the inclusion of the policies under the general grant to Darnce of "all personal effects" even if the term could be construed to encompass property such as insurance policies.

November 24, 1976 divorce decree incorporating the property settlement agreement. *Partin v. De Cordova*, 464 S.W.2d at 957.

Appellees rely primarily on *Kirberg v. Worrell*, 44 S.W.2d 940 (Tex.Comm'n App. 1932, holding approved), and *Yeo v. Yeo*, 581 S.W.2d 734 (Tex.Civ.App.—San Antonio 1979, writ ref'd n. r. e.), for their contention that the language of the residuary clause is not sufficient to give Gilda sole ownership of the policies. The cases are not in point, however. In the *Kirberg* case, the court specifically noted that the judgment "contains no general clause awarding property not specifically awarded to either party." *Kirberg v. Worrell*, 44 S.W.2d at 942. In the *Yeo* case, which involved undivided military retirement benefits, a release executed by the wife released to the husband "all other property of whatever nature, separate or community, in his possession or claimed by him, and wherever located...." The court eluded the language of the release by declaring, "We do not regard appellant's interest in the military retirement benefits as a 'claim' or as 'property in [appellee's] possession.'" *Yeo v. Yeo*, 581 S.W.2d at 737. The residuary clause agreed to by Darnce and Gilda is not limited to property claimed by Darnce or in his possession; it includes all property not specifically given to Darnce and we cannot rewrite it.

The foregoing disposes of the primary arguments advanced by appellees in support of the trial court's judgment. Certain subsidiary arguments should be noted, however. Appellees urge that Gilda received most of the property under the settlement agreement and it is inequitable to allow her to receive the insurance proceeds. We cannot ascertain from the record the value of the property each party received in the divorce. In any event, whether the total property division to which Darnce and Gilda agreed was fair and equitable to each of them and to those claiming through Darnce is not before us in this appeal. We can only determine what they agreed to do and enforce the agreement.

Relying on *Brown v. Lee*, 371 S.W.2d 694 (Tex.1963), appellees also argue that Gilda is presumed to have made a gift to them of the policy proceeds, since they were the designated beneficiaries. We do not disagree with the rule stated in *Brown v. Lee* and our decision is not in conflict with that case. Obviously, a presumption of gift can arise when the owner of an insurance policy designates a beneficiary and dies. The principle is not applicable to this case, however. Gilda, as owner, did not designate these appellees as beneficiaries nor is there any evidence indicating knowledge by her that Darnce had done so. The record reveals no act by her sufficient to raise a presumption that she intended to make a gift of the proceeds to appellees. Before such a presumption can defeat her claim, there must, among other things, be some act or failure to act by her to which the presumption can logically be attached. *See Fleck v. Baldwin*, 141 Tex. 340, 346, 172 S.W.2d 975, 978 (1943). There is none here.

Gilda and the appellees each urge application of the doctrine of ejusdem generis to restrict our interpretation of the phrase in the settlement agreement on which the opposite side relies. We have not applied the doctrine to either phrase, however, because we do not believe it was the intention of Darnce and Gilda to restrict the phrases to items of the same general class as those specifically mentioned in the respective portions of the settlement agreement where the phrases appear. *See Erwin v. Steele*, 228 S.W.2d 882, 884 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.).

Gilda, as owner of the policies, was by the terms of the policies the only person authorized to designate the beneficiaries. She was the properly designated beneficiary of each policy when she acquired sole ownership and she made no changes thereafter. The changes made by Darnce were, as between Gilda and the appellees, of no legal effect. Therefore, Gilda is entitled to the proceeds as beneficiary of the policies.[3] Points of error one and two are sustained.

3. We do not have before us, and express no opinion on, the rights, duties and responsibilities of the insurance company under these facts.

That portion of the trial court's judgment awarding costs and attorney's fees to Volunteer State Life Insurance Company and attorney's fees to the attorney ad litem for the minor children is affirmed. That portion of the trial court's judgment awarding the net policy proceeds to appellees is reversed and judgment here rendered that appellant Gilda Lane Ritchey Teaff recover said net proceeds remaining after deduction of the costs and attorney's fees aforesaid.

## ON MOTION FOR REHEARING

Relying on *Grost v. Grost*, 561 S.W.2d 223 (Tex.Civ.App.—Tyler 1977, writ dism'd), Darnce's surviving spouse contends in her motion for rehearing, that the insurance policies in question were not property divisible on divorce. She argues that the cash surrender value, if any, of each policy is the only property right that could have been awarded to Gilda.

■ Mrs. Ritchey's argument confuses valuation concepts and property concepts. As indicated by the *Grost* case, a life insurance policy is usually valued at its cash surrender value when the estates of the parties are being valued in a divorce case. We are not concerned with valuations in this case, however. We are concerned with ownership of items that are property by specific statutory language. Tex.Rev.Civ. Stat.Ann. art. 23(1) (Vernon 1969).

All points and arguments raised by Mrs. Ritchey and the other appellees in their motions for rehearing have been fully considered. We are not, however, persuaded to alter our conclusion. The motions for rehearing are overruled.