**Nita Denny CARTER, Appellant,**

v.

**Levena Sue Carter MASSEY, Appellee.**

**No. 05–83–00140–CV.**

Court of Appeals of Texas,
Dallas.

March 8, 1984.

Rehearing Denied March 28, 1984.

Thomas L. Cook, Dallas, for appellant.

Nina B. Eldridge, Dallas, for appellee.

Before STEPHENS, VANCE and ALLEN, JJ.

VANCE, Justice.

Our opinion of February 21, 1984, is withdrawn. The following is now the court's opinion.

This is an appeal from a summary judgment granted to appellee, Levena Sue Carter Massey, awarding her one-half of the proceeds from a life insurance policy. Levena was married to the deceased-insured, James Willis Carter, in 1962. A term life insurance policy was taken out during the marriage and bi-monthly premiums were paid from community funds. In 1979, the parties were divorced, but no division was made of the property. The parties remarried but were divorced a second time in June 1981. The divorce decree included a property settlement agreement which, among other things, gave all personal property in the possession of each of the parties to that party. There was no specific provision disposing of the term life insurance policy. James married the appellant, Nita Denny Carter, in September 1981. James died in 1982, leaving Nita as his named beneficiary under the insurance policy. Levena filed suit, claiming joint ownership of the policy as a tenant in common with Nita, based on the fact that the divorce decree did not specifically dispose of the policy. Both parties subsequently filed a motion for summary judgment. The trial court granted Levena's motion for summary judgment and awarded her one-half of both the primary and secondary benefits under the policy. The court appointed Nita constructive trustee of the secondary benefits and ordered her to remit one-half of each monthly payment to Levena.

On appeal, Nita contends the trial court erred in awarding Levena one-half of the proceeds under the policy because: (1) Levena has no interest in the policy as it was awarded to James as his sole and

separate property in the divorce decree; (2) Levena has no interest in the proceeds of the policy because her interest as a tenant in common in the policy is the value of the policy at the time of divorce, which was only the cash surrender value, which was zero; and (3) Levena has no right to the proceeds because TEX.INS.CODE ANN. art. 3.50, § 2(6) (Vernon 1981), requires that the proceeds shall go to the named beneficiary. We agree with the first contention that the policy was awarded to James in the divorce decree as his separate property and, therefore, Levena has no claim to any proceeds from the policy. Thus, since there are no disputed fact issues present, we reverse the judgment of the trial court and render judgment that Levena take nothing under the insurance policy.

Nita contends that because the divorce decree, incorporating a property settlement agreement, awarded James "all personal property in his possession" and because James had the policy in his possession by having complete control over the policy, the term policy was awarded in the divorce decree as his sole and separate property. We agree.

▉▉▉ The right to receive insurance proceeds payable at a future but uncertain date has been defined by our Texas Supreme Court as property, in the nature of a chose in action which matures at the death of the insured. *Brown v. Lee*, 371 S.W.2d 694, 696 (Tex.1963). Furthermore, TEX. REV.CIV.STAT.ANN. art. 23(1) (Vernon 1969), specifically includes life insurance policies within its definition of property. Life insurance policies, therefore, are considered property in Texas. The law recognizes only two species of property, real property and personal property, *Erwin v. Steele*, 228 S.W.2d 882, 885 (Tex.Civ.App.— Dallas 1950, writ ref'd n.r.e.), and personal property refers to chattels, evidences of debt, and choses in action. *Id.* Therefore, life insurance policies are personal property.

▉▉▉ Even though the policy was personal property, however, it must have been in James' *possession* at the time of the divorce decree to have been disposed of under the provisions of the property settlement agreement. Possession has been defined by our courts to mean custody and control, i.e., the having, holding, or detaining of property in one's power or control, with the intent to exercise such control, or the condition of facts under which one can exercise his power or control over something at his pleasure to the exclusion of all other persons. *Yarbrough v. John Deere Industrial Equipment Co.*, 526 S.W.2d 188, 191 (Tex.Civ.App.—Dallas 1975, no writ); *Citizens First National Bank of Tyler v. Rushing*, 433 S.W.2d 741, 745 (Tex.Civ.App.—Tyler 1968, no writ). We hold that the life insurance policy, although not actually within James' *physical* possession, since the group policy was actually retained by the employer, was indeed under his control and, therefore, legally within his possession. The facts show that James was shown on the face of the policy as being the owner; that he changed the beneficiary on the policy after the divorce, thereby exercising control over the policy; and that he and he alone could keep the insurance policy in effect by remaining employed and by paying the premiums on the policy. We hold that these facts clearly show that James was in control of the policy, and thus it was in his possession. Therefore, the provision in the divorce decree awarding James "all personal property in his possession" as his sole and separate property included the insurance policy. Thus, Levena's interest in the policy terminated upon divorce, and she has no right to any of the proceeds under the policy; rather, all the proceeds rightfully belong to the named beneficiary under the policy, Nita Denny Carter. Accordingly, we reverse the judgment of the trial court and, there being no disputed fact issues, render judgment that Levena take nothing under the policy.

Judgment reversed and rendered.