Olga Marie SMITH, Appellant,

v.

William Oris SMITH, Appellee.

No. 01–86–00242–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 1987.

Rehearing Denied June 25, 1987.

J. Neal Anderson, Houston, for relator-appellant.

Edward Lindsay, Houston, for appellee.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

WARREN, Justice.

This is an appeal of a take-nothing judgment entered against appellant in her suit for partition of retirement and accrued vacation and sick pay benefits of her ex-husband.

On July 12, 1967, the court entered a divorce decree ending the parties' 24-year marriage and distributing most of their property by the incorporation of a community property settlement agreement executed by them. Neither the decree nor the settlement agreement expressly divided the parties' community property interests in appellee's retirement, vacation, and sick pay benefits that had accrued but had not matured as of the date of the divorce decree.

On November 2, 1982, the appellant filed this suit against appellee seeking partition of the retirement pay and accrued benefits. The appellee answered, alleging that appellant's suit was barred by res judicata because the retirement benefits had been distributed to him by the residuary clause of the settlement agreement incorporated in the divorce decree.

The residuary clause provided that "[b]oth Plaintiff and Defendant will retain all of their personal property presently in their possession, with the exception of the above mentioned items."

After a non-jury trial, the court entered a take-nothing judgment, concluding that the above residuary clause awarded the retirement benefits to appellee. Appellant then filed a motion for new trial that was overruled by operation of law.

Appellant contends in her sole point of error that the court erred in finding that the residuary clause divided the retirement benefits and the vacation and sick pay benefits. Specifically, the issue presented is whether these benefits were in appellee's "possession" on the date of the divorce decree.

"Possession," as used in residuary clauses of this type, means the physical control of property, or the power of immediate enjoyment and disposition of property. *Dunn v. Dunn*, 703 S.W.2d 317, 319 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Yeo v. Yeo*, 581 S.W.2d 734, 738 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Dessommes v. Dessommes*, 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). On the date of the di-

vorce decree, appellee had no physical control or power of immediate enjoyment over the retirement or vacation and sick pay benefits. The power to physically control or enjoy these benefits matured only upon the cessation of appellee's employment, which did not occur until January 18, 1982. We hold that appellee did not have "possession" of the retirement benefits and that the language of the residuary clause was insufficient to award appellee all future rights to the retirement pay and other employee benefits. *Id.*

We have considered the remaining contentions made by the parties, and have determined that a discussion of them is not necessary to our disposition of this cause.

Appellant's sole point of error is sustained.

Reversed and remanded.

DUNN, J., files a dissenting opinion.

DUNN, Justice, dissenting.

I respectfully dissent.

On July 12, 1967, the Smiths were divorced. The court approved and incorporated into the decree of divorce a settlement agreement dated June 1, 1967, signed by the parties, purporting to divide their community property. Specific items were listed and given to the respective parties. The agreement contained a statement that the parties intended to divide their community property. A residuary clause, which followed the disposition of specific items, was contained in the agreement as follows:

5. Both plaintiff and defendant will retain all of their personal property presently in their possession, with the exception of the above mentioned items.

The appellee was married to the appellant on November 16, 1942, and began working for the City of Houston Police Department on April 12, 1948. He remained employed until December 31, 1981. At the time of the divorce, as part of his employment, he was entitled to retirement benefits and other amenities of his employment. He retired in January 1982. His retirement benefits vested approximately nine months after divorce.

The appellant seeks to partition the appellee's Houston Police retirement, as well as other benefits of employment received by the appellee that she claims were not divided by the divorce decree. After a non-jury trial, the court entered a take-nothing judgment, concluding that the above residuary clause completely divided all the property of the parties. The appellant then filed a motion for new trial that was overruled by operation of law.

The appellant contends in her sole point of error that the court erred in finding that the residuary clause, contained in the property settlement agreement, divided the appellee's retirement benefits, and vacation/sick day pay. It appears that the appellant is claiming that the court erred as a matter of law in its interpretation of their settlement agreement.

The majority's reliance on *Dunn, Yeo,* and *Dessommes* to support their conclusion that possession means physical control is misplaced.

In *Dunn,* the husband alleged that the residuary clause in the divorce, awarding him "any and all other property" in his possession and control, awarded him his retirement benefits, livestock, and two horses. With respect to the retirement benefits, the court of appeals stated that the *benefits were never mentioned* in any settlement discussions prior to or after the divorce. *Dunn v. Dunn,* 703 S.W.2d 317, 318 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Therefore, unlike the case before us, there was affirmative evidence in *Dunn* that the parties themselves did not bargain for the division of the retirement benefits. With respect to the two horses, the court of appeals affirmed the trial court's order awarding the horses to the husband under the residuary clause. *Id.* In this situation, there was no testimony that the wife was not aware that the husband had in his possession two horses, nor was there a claim of fraud by the wife

relative to the horses. Similarly, in the case before us, the record is silent with respect to what was contemplated by the parties at the time of divorce, and there is no allegation of fraud on the part of the wife regarding the retirement benefits.

In *Yeo,* the wife filed suit to partition the husband's military retirement benefits. In response, the husband filed a motion for summary judgment. The wife filed an answer to the motion for summary judgment, attaching her affidavit. The trial court granted summary judgment in favor of the husband.

The appeals court reviewed the summary judgment proof, and stated that the primary area of disagreement was in the matter of negotiations and execution of the property settlement agreement. The wife testified that retirement *benefits were never discussed* prior to the execution of the agreement. Further, the court stated that the wife "contends that she relied on representations appellee made to her; that appellee assured her that his lawyer was more knowledgeable than her lawyer; that it would be best for his attorney to prepare the settlement agreement; and that she told him that this arrangement would be agreeable because she trusted him." *Yeo v. Yeo,* 581 S.W.2d 734, 737 (Tex.Civ.App.— San Antonio 1979, writ ref'd n.r.e.).

The appellate court reversed the summary judgment rendered by the trial court in favor of the husband, and remanded the case for a new trial. Again, this type of testimony, and reliance by the wife, is not contained in the record before us. The court in *Yeo* had testimony supporting the fact that the retirement was not considered in the property settlement agreement, as well as the reliance by the wife on the representations of the husband.

In *Dessommes,* the wife sued her former husband to partition retirement benefits. The trial court granted an instructed verdict on the husband's motion. There was no property settlement agreement entered into between the parties, and there was no mention of retirement in the decree of divorce. There was no evidence that the matter of retirement was ever brought to the trial court's attention for consideration during the divorce. In fact, the court in *Dessommes,* on a motion to correct the divorce decree, found, after hearing evidence, that the retirement benefits were not adjudicated by the court in the trial of the cause, nor was any division thereof between the wife and the husband made by the court. The appellate court in *Dessommes* stated that the parties are bound by a judicial construction of the decree made by the court that rendered it. *Dessommes v. Dessommes,* 505 S.W.2d 673, 682 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). There was no settlement agreement for the court to interpret in *Dessommes,* and the findings of the court controlled.

In this case, I would analyze and interpret the property settlement agreement according to the principles of general contract law. *Deen v. Deen,* 631 S.W.2d 215, 217 (Tex.App.—Amarillo 1982, no writ). The Texas Supreme Court re-affirmed this proposition in its recent decision in *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986). A marital property contract, although incorporated into a final divorce decree, is treated as a contract, and its legal force is governed by the law of contract, not by the law of judgments. *Herbert v. Herbert,* 30 Tex.Sup.Ct.J. 280 (March 19, 1987); *Allen,* 717 S.W.2d at 313.

In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument. *Ideal Lease Service, Inc. v. Amoco Production Co.,* 662 S.W.2d 951, 953 (Tex.1983). To achieve this objective, courts should examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless. *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 518, 243 S.W.2d 154, 158 (1951). No single provision, taken alone, will be given controlling effect; rather, all the provisions must

be considered with reference to the whole instrument. *Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193, 196 (Tex.1962); *Citizens National Bank v. Texas & Pacific Railway Co.*, 136 Tex. 333, 338, 150 S.W.2d 1003, 1006 (1941). When one party is contending that the property settlement agreement incident to divorce is ambiguous, extrinsic evidence is admissible to assist the court in ascertaining the meaning of ambiguous language. If, however, the language can be given a definite legal meaning without resort to extrinsic evidence, it is not ambiguous. In the case of an unambiguous property settlement, the instrument alone will be deemed to express the intention of the parties, and it is the objective intent, not subjective intent, that controls. *Deen*, 631 S.W.2d at 215.

The parties specifically indicated in their agreement that they intended to divide their community property. They agreed that all personal property not specifically mentioned above "will" be retained by the person in whose possession it "presently" existed. There are two species of property, real property and personal property. *Carter v. Massey*, 668 S.W.2d 450, 453 (Tex. App.—Dallas 1984, no writ). The items that the appellant contends are subject to partition do not fall into the category of real property, but of necessity, if the community has any interest at all available for the court, or the parties, to divide, must be designated as "personal property." *Id.*

The designation of "personal property" does not carry with it the meaning that a designation of "all personal effects" carries. *Teaff v. Ritchey*, 622 S.W.2d 589, 592 (Tex.App.—Amarillo 1981, no writ). The *Ritchey* court further indicated that the wording "personal property" designated more significant items of personal property. *Id.*

In this case, the parties must have been concerned with "personal property" rather than "personal effects" because the household furnishings, appliances, automobiles, and boats were divided. Either, or both parties, could have had employee benefits, i.e. retirement, life insurance, sick or vacation pay, or other possible "personal property" of this type, that they decided to dispose of by a general residuary clause, rather than specifically listing each item. The record contains no pleadings claiming mistaken belief as to the fact that the retirement benefits, etc., were not considered community property that the parties could divide. Nor is there any testimony in the record that the retirement benefits were either mistakenly, intentionally, or because of fraud, or misrepresentation, not considered in the property settlement agreement.

Under the terms of the contract, the residuary clause only disposes of personal property "presently in possession" of the appellee at the time of the divorce decree. Applying the objective standard in determining the intention of the parties, we note that the designation of personal property includes both tangible and intangible assets. *Carter*, 668 S.W.2d at 452. It is undisputed that the appellee's non-vested interest in the property subject to this litigation was community property, and subject to division, at the time the parties entered into this agreement. *Valdez v. Ramirez*, 574 S.W.2d 748, 749 (Tex.1978); *Cearley v. Cearley*, 544 S.W.2d 661, 666 (Tex.1976); *Mora v. Mora*, 429 S.W.2d 660, 662 (Tex.Civ.App.—San Antonio 1968, writ dism'd).

The family code specifically classifies a person's earnings from his employment and all amenities thereto, including retirement, as special community property subject to the sole management and control of the wage earner. Tex.Fam.Code Ann. § 5.22 (Vernon 1975). The Texas Supreme Court in 1978 held that future rights to retirement were community property but were to be characterized as "special community" under the employee's sole management and control. *Medenco, Inc. v. Myklebust*, 615 S.W.2d 187, 189 (Tex.1981); *Valdez*, 574 S.W.2d at 750. In the case before us, the appellee's retirement, and other benefits of employment, were in his

name and under his management and control and, though intangible interests, were community "personal" property technically in his "possession" at the time the property settlement agreement was signed by the parties, and approved by the court.

I find the reasoning of the El Paso Court of Appeals persuasive. *Carreon v. Morales,* 698 S.W.2d 241 (Tex.App.—El Paso 1985, no writ). In *Carreon,* the court stated that "every effort should be made to give some meaning and effect to every paragraph of the property settlement agreement, including the intention clause and the residuary paragraph." *Id.* at 245. The court reasoned that, based on the language used by the parties, the parties believed that any community property not specifically provided for, was in the possession and control of either the husband or the wife. "As between those two parties, the retirement benefits earned ... [were] in his 'possession and control.'" *Id.*

Similarly, in the case before us, the parties stated that they intended to divide their community property, and they included a residuary clause to dispose of the personal community property not disposed of specifically in the agreement. I would find that these benefits, retirement and vacation/sick day pay, were presently in the possession of the appellee at the time the parties entered into their settlement agreement, and were intended to be, and were disposed of, by the residuary clause.

The judgment of the court should be affirmed.