TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00422-CV







Yoshiko Chaisson, Appellant



v.



Aubin Joseph Chaisson, Jr., Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C93-0182C, HONORABLE JACK ROBISON, JUDGE PRESIDING







 Yoshiko Chaisson appeals from a decree dissolving her marriage to Aubin Joseph
Chaisson, Jr., and dividing their property. We will reverse the decree and remand the cause to the trial
court.



THE CONTROVERSY


 The cause was tried before a judge without a jury. At a hearing on September 15, 1994,
evidence was adduced to support the trial court's jurisdiction to render a dissolution of the marriage. Both
parties testified they had settled and compromised their disputes relating to property and liabilities, that they
had reduced to writing their agreement in that regard, and that they requested the judge to approve the
agreement, making it part of the judgment in the cause. The parties signed the agreement. See Tex. R. Civ.
P. 11; Tex. Fam. Code Ann. § 3.631 (West 1993). The trial judge announced that he approved the
property-settlement agreement and that he "rendered" judgment of divorce. The hearing adjourned.

 A disagreement arose between the parties concerning the terms of the written divorce
decree to be submitted to the judge for his signature. Aubin moved that the judge sign an instrument
proposed by Aubin, entitled "Final Agreed Decree for Divorce." Yoshiko moved also that the judge sign
Aubin's proposed instrument, but with specified "changes" in its terms. One of Yoshiko's requested
changes proposed the addition of other provisions to the instrument. These new provisions would have
required Aubin to make certain elections regarding his civil-service retirement benefits and would have
given Yoshiko an ownership in them. The other new provisions would have required Aubin to obtain a life-insurance policy at Yoshiko's cost and for her benefit. After a hearing on the parties' respective motions
regarding the proposed decree, the judge sustained Aubin's motion, overruled Yoshiko's and over her
objection signed the instrument as proposed by Aubin. About sixteen days afterwards, the judge signed
on Aubin's motion a post-divorce order confirming his sale of the parties' former home. Yoshiko's motion
for new trial was overruled by operation of law. She brings five points of error.



DISCUSSION AND HOLDINGS


 In point of error one, Yoshiko contends the trial court erred in signing the decree because
it contains additional and different terms from that of the settlement agreement in violation of the rule that
a final judgment based on a settlement agreement must be in strict or literal compliance with the agreement. 
See Vickery v. American Youth Camps, Inc., 532 S.W.2d 292, 292 (Tex. 1976); In re Ames, 860
S.W.2d 590, 593-94 (Tex. App.--Amarillo 1993, no writ). Aubin rejoins that Yoshiko waived error
regarding the discrepancies because she invited the alleged error on which she relies. We reject the waiver
theory.

 It is true that a party may not, on appeal, complain of a judgment she induced the trial court
to render. See Litton Indus. Prods., Inc. v. Gammage, 668 S.W.2d 319, 321-22 (Tex. 1984); Bayoud
v. Bayoud, 797 S.W.2d 304, 312 (Tex. App.--Dallas 1990, writ denied); R.B. Butler, Inc. v. Henry,
589 S.W.2d 190, 192 (Tex. Civ. App.--Waco 1979, writ ref'd n.r.e.). Yoshiko, however, moved for
the signing of a decree that differed materially from the decree ultimately signed by the trial judge; her
motion to sign Aubin's proposed decree requested, as summarized above, certain substantial changes. The
trial judge refused her requested changes and overruled her motion for a decree on the terms she
requested. Yoshiko, therefore, is not appealing a favorable ruling on her motion. We hold Yoshiko has
not waived her claim of error.

 Among the eight discrepancies complained of, Yoshiko invites our attention to that portion
of the settlement agreement awarding her 47% of Aubin's "military retirement benefits." The decree, in
contrast, awards Yoshiko 47% of Aubin's "Disposable Retirement pay" as defined by the Uniformed
Services Former Spouses Protection Act. See 10 U.S.C. § 1408 et seq. (West 1983 & Pamph. 1996)
(the "Act"). The Act provides that "disposable retired pay" is the total monthly retired pay less amounts
that are owed to the government for overpayments or are deducted as the result of certain forfeitures,
waivers, elections, or the payment of disability benefits. See Act § 1408(a)(4). Insertion of the new word
"disposable" has a potential to reduce, possibly by a significant amount, the retirement benefits awarded
to Yoshiko in the settlement agreement. (1) We reject Aubin's theory that the trial judge was, in any event,
without power to award Yoshiko a percentage of gross military retirement benefits. It is true that a court
may divide, incident to a divorce, only the service member's "disposable retired pay." See id.; Mansell v.
Mansell, 490 U.S. 581, 588-89 (1989); Elliot v. Elliot, 797 S.W.2d 388, 390 (Tex. App.--Austin
1990, no writ). However, parties in a divorce may, between themselves, agree to a division of property
that could not have been ordered had the trial court divided the property. See Tex. Fam. Code Ann.
§ 3.631(a) (West 1993); Traylor v. Traylor, 789 S.W.2d 701, 702-03 (Tex. App.--Texarkana 1990,
no writ); Alexander v. Alexander, 701 S.W.2d 48, 51 (Tex. App.--Dallas 1985, writ ref'd n.r.e.).

 Yoshiko also complains of a discrepancy in that part of the decree awarding Aubin his
personal effects. The settlement agreement awards Yoshiko 100% of any other "cash, bank accounts,
certificates of deposit, boats, cars, property or anything other than [Aubin's] personal effects" that she can
discover. The decree contains a similar residuary clause and orders that Yoshiko receive 100% of "any
property . . . other than personal effects . . . not otherwise disposed of by this Decree." In addition to
awarding Aubin his personal effects, however, the decree awards him all "miscellaneous personal property
in his possession or subject to his control" not specifically awarded to Yoshiko. Yoshiko contends the
addition of that provision negates in effect the residuary clause. We agree. The term "personal effects"
refers to items of personal property bearing an intimate relation to the person who possesses them. Teaff
v. Ritchey, 622 S.W.2d 589, 592 (Tex. App.--Amarillo 1981, no writ). The term "personal property,"
however, refers to all property other than real estate, such as goods, chattels, money, notes, stocks, and
bonds, including intangible property. See Black's Law Dictionary 1217 (6th ed. 1990); see generally 59
Tex. Jur. 3d Property § 3 (1988); cf. Ritchey, 622 S.W.2d at 592. In direct contradiction of the
settlement agreement, the decree awards Aubin any undisclosed personal property in his possession,
including financial assets, and Yoshiko's personal effects remain undivided. See Carreon v. Morales, 698
S.W.2d 241, 245 (Tex. App.--El Paso 1985, no writ) (agreement awarding husband all remaining
property in his possession and control effected award of insurance policy and retirement benefits).

 Yoshiko also objects to language in the decree awarding her $13,800 "from" Aubin's
individual retirement account ("IRA"). The settlement agreement provided that she "will receive the sum
of $13,800.00 to equalize the value between her vehicle and his vehicle and the IRA's." Yoshiko contends
that instead of receiving the sum in cash as intended by the agreement, she will, as a result of the decree,
receive a share in the individual retirement account equal to $13,800. See Internal Revenue Code, 26
U.S.C. § 408(d)(6) (West Supp. 1996) (providing that transfer upon divorce of one spouse's interest in
IRA to other spouse creates IRA for receiving spouse). That is, she argues, not the same thing. Should
she elect to withdraw her $13,800, it will be reduced by a 10% penalty and the amount of income tax she
must pay on it as ordinary income. (2) See Internal Revenue Code, 26 U.S.C. §§ 72(t), 408(d)(1) (West
Supp. 1996). Aubin contends that his IRA was the only source from which the sum could be paid. We
nevertheless agree with Yoshiko that this provision in the decree plainly does not comport with the terms
of the settlement agreement.

 We, therefore, hold the divorce decree added terms and provisions outside the parties'
written agreement that the judge had approved previously in rendering the divorce decree. A trial judge
is without power to add such provisions to a decree based on a settlement agreement. See Matthews v.
Looney, 123 S.W.2d 871, 872 (Tex. 1939); Ames, 860 S.W.2d at 593. Furthermore, because the
addition of those provisions effected a substantive change in the division of the parties' property, we may
not, as Aubin proposes, modify the decree to correct "clerical" errors. See Dikeman v. Snell, 490 S.W.2d
183, 185-86 (Tex. 1973); Newsom v. Petrilli, 919 S.W.2d 481, 483 (Tex. App.--Austin 1996, no writ);
cf. Catlett v. Catlett, 630 S.W.2d 478, 481 (Tex. Civ. App.--Fort Worth 1982, writ ref'd n.r.e.). A
remand is therefore required. See Vickery, 532 S.W.2d at 292; Ames, 860 S.W.2d at 593; Vineyard
v. Wilson, 597 S.W.2d 21, 23 (Tex. Civ. App.--Dallas 1980, no writ). We need not address Yoshiko's
remaining points of error.

 For the reasons given, we sustain point of error one, reverse the divorce decree, and
remand the cause to the trial court for proceedings not inconsistent with our opinion.


 

 

 John Powers, Justice

Before Justices Powers, Jones and B. A. Smith

Reversed and Remanded

Filed: September 18, 1996

Do Not Publish
1.   Aubin contends, however, that because the settlement agreement awarded him all of his
disability benefits while awarding Yoshiko 47% of only the retirement benefits, inclusion of the
word "disposable" accurately reflects the terms of the agreement. We need not address this
contention except to note that "disposable retired pay" as defined in section 1408(a)(4) is the net
sum remaining after the deduction of certain sums including but not limited to disability benefits. 
See Act § 1408(a)(4).
2.   Both the settlement agreement and the decree provide that the parties are individually
responsible for the indebtedness owed on any property awarded to them and for their respective
income tax liability. 



 The term "personal property,"
however, refers to all property other than real estate, such as goods, chattels, money, notes, stocks, and
bonds, including intangible property. See Black's Law Dictionary 1217 (6th ed. 1990); see generally 59
Tex. Jur. 3d Property § 3 (1988); cf. Ritchey, 622 S.W.2d at 592. In direct contradiction of the
settlement agreement, the decree awards Aubin any undisclosed personal property in his possession,
including financial assets, and Yoshiko's personal effects remain undivided. See Carreon v. Morales, 698
S.W.2d 241, 245 (Tex. App.--El Paso 1985, no writ) (agreement awarding husband all remaining
property in his possession and control effected award of insurance policy and retirement benefits).

 Yoshiko also objects to language in the decree awarding her $13,800 "from" Aubin's
individual retirement account ("IRA"). The settlement agreement provided that she "will receive the sum
of $13,800.00 to equalize the value between her vehicle and his vehicle and the IRA's." Yoshiko contends
that instead of receiving the sum in cash as intended by the agreement, she will, as a result of the decree,
receive a share in the individual r