Opinion issued October 27, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00010-CV

———————————

Saundra L. Sanders, Appellant

V.

Mark E.
Sanders, Appellee



 



 

On Appeal from the 247th District

Harris County, Texas



Trial Court Case No. 2010-01316

 



 

MEMORANDUM OPINION

          In
this restricted appeal of a default judgment granting a final divorce decree,
Saundra Sanders raises three issues contending that she was not properly served
with the citation or petition for divorce and that the evidence is legally and
factually insufficient to support the trial court’s property division.  

          We
affirm.

Background

Mark Sanders filed for divorce after 10 years of
marriage to Saundra.  The clerk issued
citation, and Mark attempted to serve Saundra. 
After three failed attempts at service by certified mail and four failed
attempts at service by personal delivery, however, Mark moved for substituted
service.  The trial court authorized substituted
service by leaving a copy of the citation and divorce petition taped to the
front entrance of the home Mark and Saundra still shared at the time Mark filed
for divorce.  Although a process server’s
affidavit states that the citation and petition were taped to the front
entrance of her home, Saundra complains that she never received a copy of either
document.  

Mark’s petition alleged the
marriage had become “insupportable because of discord or conflict of
personalities.”  The couple did not have
children.  Mark identified the home the
couple shared and requested that he be permitted to keep a car; certain
furniture, electronic equipment, and personal items; and the funds in three
checking accounts.  Saundra did not file
an answer or otherwise appear.    

On July 30, 2010, the trial court
conducted a hearing and signed a default judgment granting Mark a final decree
of divorce.  The divorce decree noted
that “although duly and properly cited,” Saundra “did not appear and wholly
made default.”  With respect to the
division of property, the trial court ordered only that “the personal effects
of the parties are awarded to the party having possession.”  There was no further division of the marital
estate.

          According
to Saundra, she and Mark were still living together in the same house when she
received notice of the default judgment on September 7, 2010.  She filed her notice of restricted appeal on
December 30, 2010.  

Restricted Appeal

          A restricted appeal confers
our court with jurisdiction to review service issues and to determine whether
the evidence is legally and factually sufficient to support the judgment.  See Wilson
v. Wilson, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet.
denied) (citing Norman Commc’ns v. Tex.
Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)).  To prevail in her restricted appeal, Saundra
must show:  (1) she appealed the default
judgment within six months, (2) she was a party to the divorce proceeding, (3)
she did not participate in the hearing and did not timely file a post-judgment
motion, and (4) the error complained of is apparent on the face of the
record.  See Tex. R. App. P.
30; see also Alexander v. Lynda’s
Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Barry v. Barry, 193 S.W.3d 72, 74 (Tex. App.—Houston [1st Dist.]
2006, no pet.).  The “face of the record”
consists of all the papers that were before the trial court when it rendered
judgment, including the statement of facts. 
See Wilson, 132 S.W.3d at 536.  Because it is dispositive of the appeal, we
consider only the appearance of error on the face of the record.  

Service of Process

          In her first issue, Saundra
argues that the default judgment should be reversed because she was not served
with citation or a copy of the divorce petition and she did not receive notice
of the default hearing.  Saundra’s
primary complaint is not that Mark failed to comply with the procedural rules
for service of process, but that he interfered with service by intercepting her
mail and by removing the citation and petition from the front door of their
shared home.  

To support her assertion that she
did not actually receive a copy of the citation or petition, Saundra included
in her appendix copies of her employment time sheets recording the days and
hours she worked.  Because those time
sheets are not in the appellate record, we cannot consider them as evidence in
this restricted appeal.  See Alexander, 134 S.W.3d at 848−49 (instructing against
consideration of extrinsic evidence in restricted appeals); Nguyen v. Intertex, Inc., 93 S.W.3d 288,
293 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (noting that attachment of
documents as exhibits or appendices to briefs is not formal inclusion in record
on appeal).  

We look only to the face of the
record for strict compliance with the rules governing citation and return of
service.  See Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990) (“For well over
a century the rule has been firmly established in this state that a default
judgment cannot withstand direct attack by a defendant who complains that he
was not served in strict compliance with applicable requirements.”); see also Ins. Co. of State of Pa. v. Lejeune,
297 S.W.3d 254, 255 (Tex. 2009) (noting that failure to strictly comply with
rules for service of process constitutes error on face of record).  The party requesting service, in this case
Mark, must ensure not only that proper service is accomplished, but that the
record reflects as much.  Furst v. Smith, 176 S.W.3d 864, 869
(Tex. App.—Houston [1st Dist.] 2005, no pet.). 
No presumptions in favor of valid service are made in a restricted
appeal from a default judgment.  Hubicki v. Festina, 226 S.W.3d 405, 407
(Tex. 2007).  

In a divorce proceeding, citation
“shall be issued and served as in other civil cases.”  Tex.
Fam. Code Ann. § 6.408
(West Supp. 2011).  Rule 106(a)
authorizes service by delivering the citation, with a copy of the petition, to
the respondent in person or by registered or certified mail, return receipt
requested.  Tex. R. Civ. P. 106(a). 
When service under one of these two methods fails, the trial court, “[u]pon
motion supported by affidavit,” may authorize service “in any other manner that
the affidavit or other evidence before the court shows will be reasonably
effective to give the [respondent] notice of the suit.”  Tex.
R. Civ. P. 106(b)(2).  The
supporting affidavit must state (1) “the location of the [respondent’s] usual
place of business or usual place of abode or other place where [she] can
probably be found” and (2) the specific facts showing that traditional service
has been attempted “at the location named in such affidavit but has not been
successful.”  Tex. R. Civ. P. 106(b). 
An affidavit that is conclusory or otherwise insufficient does not
support the authorization of substituted service.  See Wilson,
800 S.W.2d at 836.

Mark’s motion for substituted
service asserted that reasonably effective notice of the divorce proceeding
could be given to Saundra by having an authorized person attach “a copy of the
citation with a copy of the petition to the front entrance of [her] place of
abode located at 22319 SPRING CROSSING DR, SPRING, TX 77373.”  To support his motion, Mark attached an
affidavit setting forth the following dates, times, and locations at which the
process server was unable to personally serve Saundra.  



Saundra does not dispute that the house at 22319
Spring Crossing Drive was her usual place of abode.  

The process server’s affidavit was
sufficient to justify substituted service under rule 106(b) because it (1)
stated Saundra’s place of abode and (2) indicated that at least one attempt to
personally serve her at that address was unsuccessful.  See Tex. R. Civ. P. 106(b); see also Pickersgill v. Williams, No. A14-93-00424-CV,
1994 WL 2011, at *3-4 (Tex. App.—Houston [14th Dist.] Jan. 6, 1994, writ
denied) (mem. op.) (affidavit referencing “the address I believe to be his
place of residence” was sufficient).  The
particular method of service ordered in this case, i.e., taping the citation
and petition to the front entrance of the address identified as the defendant’s
place of abode, generally is reasonably effective to give notice to the
defendant of the lawsuit.  Cf. Rowsey v. Matetich, No.
03-08-00727-CV, 2010 WL 3191775, at *4 (Tex. App.—Austin Aug. 12, 2010, no
pet.); Ratcliff v. Ratcliff, No.
09-09-00138-CV, 2010 WL 1087517, at *1 (Tex. App.—Beaumont Mar. 25, 2010, no
pet.); Williams v. Grafflin, No.
11-05-00138-CV, 2006 WL 3238426, at *2 (Tex.
App.—Eastland Nov. 9, 2006, no pet.); Pettigrew
v. Recoveredge, L.P., No. 05-97-00239-CV, 1997 WL 466518, at *2 (Tex. App.—Dallas
Aug. 15, 1997, no writ).  

Saundra does not contend
otherwise.  Rather, as her first issue on
appeal has been narrowly crafted, she contends only that this manner of substituted
service was inappropriate here because she lived with Mark at the time he
sought the divorce and he therefore had the opportunity to, and did, remove the
citation and petition.  There is no
evidence on the face of this record to support Saundra’s assertion that Mark actually
interfered with the substituted service ordered by the trial court.  In the absence of such evidence, we decline
to announce a rule declaring the trial court’s order to be in error.  We also note Mark’s testimony at the default
hearing that he and Saundra were no longer living together.  We therefore conclude that Saundra has failed
to show error on the face of the record regarding her claim that she was not
served with citation.

We further hold that the face of
the record does not establish error with respect to Saundra’s claim that she
did not receive notice of the default hearing. 
Mark had no duty to notify Saundra before taking a default judgment when
the substituted service authorized by the trial court was reasonably calculated
to apprise Saundra of the pendency of the divorce proceeding, and she
nonetheless failed to answer or appear.  See Brooks v. Assocs. Fin. Servs. Corp.,
892 S.W.2d 91, 94 (Tex. App.—Houston [14th Dist.] 1994, no pet.).    

We overrule Saundra’s first
issue.  

Division of Marital Property

In her second and third issues,
Saundra argues that the default judgment should be reversed because the
evidence is legally and factually insufficient to support the trial court’s
division of the marital estate.  She
asserts that the absence of any evidence of the character and value of the
parties’ assets precluded the trial court from awarding Mark any community
property.  Although Saundra does not
specifically identify any community asset that she contends was improperly
awarded to Mark, she asserts generally that the parties’ marital estate
included a home, two cars, and various pieces of furniture. 

While we agree that the trial
court’s property division must be supported by sufficient evidence, see Wilson, 132 S.W.3d at 536, we
disagree that there is any abuse of discretion in this case.  Under the heading “Division of Marital
Estate,” the divorce decree orders only that “personal effects of the parties
are awarded to the party having possession.” 
“Personal effects” are defined generally to mean articles of personal
property “bearing intimate relation or association to [the] person.”  First
Methodist Episcopal Church S. v. Anderson, 110 S.W.2d 1177, 1183 (Tex. Civ.
App.—Dallas 1937, writ dismissed); see
Teaff v. Ritchey, 622 S.W.2d 589, 591−92 (Tex. App.—Amarillo 1981, no writ) (defining “personal effects” to
include items such as “clothes, toilet articles, eye glasses and dentures”).  The decree does not expressly award either
party the community assets identified by Saundra, i.e., the parties’ home,
cars, and furniture.  Moreover, as these
items are not personal articles having an intimate association with Mark or
Saundra individually, neither are they included in foregoing definition of
“personal effects” or awarded under the divorce decree to the party having
possession of them.  See Teaff, 622 S.W.2d at 592 (insurance policies are significant
items of intangible personal property, not personal effects).  We therefore hold that there is no error on
the face of the record with respect to the trial court’s division of property.

As Mark points out, Saundra may
seek a post-divorce division of community property that was not divided in the
divorce decree.  See Tex. Fam. Code Ann.
§§ 9.201 (“Either former spouse may file a suit as provided by this subchapter
to divide property not divided or awarded to a spouse in a final decree of
divorce or annulment.”), 9.203 (West 2006) (“If a court of this state failed to
dispose of property subject to division in a final decree of divorce or
annulment even though the court had jurisdiction over the spouses or over the
property, the court shall divide the property in a manner that the court deems
just and right . . . .”); see also
Kadlecek v. Kadlecek, 93 S.W.3d 903, 909 (Tex. App.—Austin 2002, no pet.)
(acknowledging that sections 9.201 and 9.203 allow for post-divorce division of
community property not divided in original decree).  

We overrule Saundra’s second and
third issues regarding the trial court’s property division.

Agreement of the Parties

          Buried within Saundra’s
second issue is a challenge to that part of the divorce decree finding that
“the parties have entered into a written agreement as contained in this decree
by virtue of having approved this decree as to both form and substance.  To the extent permitted by law, the parties
stipulate the agreement is enforceable as a contract.”  She contends that this provision will
obligate her to comply with an agreement she did not make.  This Court may only reverse a judgment on appeal
if the error complained of “probably caused the rendition of an improper
judgment.”  Tex. R. App. P. 44.1(a)(1). 
Even if the trial court erred in finding an agreement between the parties
as to the terms of the divorce decree and its enforceability, the divorce
decree is the trial court’s final judgment and is enforceable as such.  Cf
Hagen v. Hagen, 282 S.W.2d 899, 902 (Tex. 2009).  Thus, any error in finding the existence of
an enforceable agreement is not reversible error, and we overrule that part of
Saundra’s second issue contending otherwise. 





 

Conclusion

          Having concluded that no
error appears on the face of this record, we affirm the trial court’s default
judgment granting a final decree of divorce.

          

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.