Edgar E. HOPPE, Appellant,

v.

Richard GODEKE, Independent Executor of the Estate of Marjorie B. Hoppe, Appellee.

No. 3–87–232–CV.

Court of Appeals of Texas, Austin.

June 28, 1989.

Rehearing Denied Aug. 2, 1989.

Will R. Wilson, Jr., Sheila S. Asher, Small, Craig & Werkenthin, Austin, for appellant.

Philip C. Friday, Jr., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Edgar E. Hoppe appeals a district court order clarifying his divorce decree. The clarification order requires Edgar to pay retirement benefits, formerly paid to his ex-wife Marjorie, to Richard Godeke, the independent executor of Marjorie's estate. We will reverse the order and remand the cause.

Edgar and Marjorie Hoppe were divorced on September 6, 1985. Before the divorce, Edgar retired and was receiving retirement benefits from the United States Civil Service. Both parties signed an agreement incident to divorce, which was approved and fully incorporated into the divorce decree, dividing their property as follows:

B. *Wife's Property.* Wife shall own, possess and enjoy, as her sole and separate property, all of the property described in Schedule 1 attached hereto and incorporated fully herein; and Husband herein conveys and assigns to Wife all of his right, title and interest in and to said property.

C. Husband's Property. Husband shall own, possess and enjoy, as his sole and separate property, all of the property described in Schedule 2 attached hereto and incorporated fully herein; and Wife herein conveys and assigns to Husband all of her right, title and interest in and to said property.

Schedule 2

24. All right, title and interest in and to Husband's Civil Service Retirement Benefits, except as set forth in the decree of divorce.

The divorce decree then ordered that Edgar cause the United States Office of Personnel Management (OPM) to pay directly to Marjorie $400.00 per month from his retirement benefits "so long as he shall be entitled to receive such benefits," and required Edgar to make these payments himself in the event OPM failed or refused, for any reason, to make the payments directly. The

divorce decree also ordered Edgar to execute and maintain a joint survivorship option with Marjorie as the beneficiary.

OPM began paying Marjorie a portion of the retirement benefits in November 1985. Marjorie died on April 1, 1986. In May 1986, OPM sent a letter to the clerk of the 261st District Court, pursuant to 5 C.F.R. § 831.1712 (1988), acknowledging receipt of Marjorie's death certificate and requesting clarification of the divorce decree. OPM listed three possible resolutions of the situation:

1) restoration to Edgar of his entire annuity, or
2) payment of Marjorie's share into the court for distribution as the court found appropriate, or
3) payment of Marjorie's portion to a child or children of Edgar (or a court-appointed representative for the benefit of such children).

On July 25, 1986, on Godeke's motion to clarify the divorce decree, the trial court entered an interim order that the benefits be paid into the registry of the court. On January 26, 1987, after a hearing on Godeke's motion, the trial court entered an order stating:

> [p]ursuant to 5 U.S.C. § 8345(j)(1), the United States Office of Personnel Management is not obligated to make payments to the Estate or to the Heirs of Marjorie B. Hoppe, and that all such payments are to be made to Edgar E. Hoppe.
>
> It is FURTHER ORDERED that all funds that are held in the Registry of the Court are to be paid to Edgar E. Hoppe.
>
> This Order does not decide the question whether Edgar E. Hoppe is obligated to pay a portion of his United States Civil Service Benefits directly to the Estate or Heirs of Marjorie B. Hoppe.

On August 4, 1987, pursuant to a second Godeke motion to clarify, the trial court ordered that Edgar pay the portion of his retirement benefits previously paid to Marjorie directly to Godeke as independent executor of Marjorie's estate.

In his second point of error, Edgar asserts the district court erred in granting the second motion to clarify because, under preemptive federal law, Marjorie's portion of the retirement benefits is not inheritable upon her death by her adult children of a prior marriage. For the following reasons, we agree that the retirement benefits awarded to Marjorie in the divorce decree are not inheritable.

■■■ Generally, civil service retirement benefits earned during marriage are community property subject to division or partition in a divorce proceeding. *Valdez v. Ramirez*, 574 S.W.2d 748, 749 (Tex.1978); *Boniface v. Boniface*, 656 S.W.2d 131, 133 (Tex.App.1983, no writ); *Bonar v. Bonar*, 614 S.W.2d 472, 473 (Tex.Civ.App.1981, writ ref'd n.r.e.); the Federal Civil Service Retirement Act, 5 U.S.C.A. § 8331, *et seq.* (1980) (the Act). The Act governs federal civil service retirement benefits and contains a specific provision permitting assignment of part of the benefits to a former spouse, apportioned in accordance with state law.

> Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any payment under this paragraph to a person bars recovery by any other person.

5 U.S.C. § 8345(j)(1); *see McDannell v. U.S. Office of Personnel Management*, 716 F.2d 1063, 1065 (5th Cir.1983). The Act also provides for an optional survival annuity allowing a surviving spouse or an employee's minor child to continue receiving benefits after the death of the retired employee. 5 U.S.C. § 8341. Retirees may choose either a full retirement annuity without survivor benefits or a reduced annuity with survivor benefits. *Money v. Office of Personnel Management*, 811 F.2d 1474, 1478 (Fed.Cir.1987); *Valdez*, 574 S.W.2d at 751; 5 U.S.C. § 8339.

■ Ordinarily, a retired employee's annuity terminates on the day the employee dies or other terminating event occurs and nothing remains to pass to his heirs by will or intestacy. If the retired employee executes a survivor annuity option, however, the survivor continues to receive benefits after the retired employee's death, but only until the last day of the month before the survivor dies or other terminating event occurs, when all benefits terminate. 5 U.S.C. § 8345(c); *see also* 5 U.S.C. § 8341.

Godeke asserts that *Allard v. Frech*, 754 S.W.2d 111 (Tex.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989) controls the disposition of this appeal. We disagree.

The majority in *Allard* did not reach the federal preemption issue[1]; the retirement plan was through a private corporation; Mr. and Mrs. Allard were married at the time of her death; the employee spouse, Mr. Allard, did not select the survivor option; and Mrs. Allard did not sign the option Mr. Allard selected. The court determined that state law required Mrs. Allard's vested community property interest to pass under her will to the Allard's adult child and grandchildren.

The present case is more closely related to *Valdez*, 574 S.W.2d 748, although Mr. and Mrs. Valdez were married at the time of his death. In *Valdez*, the retirement plan was controlled by the Federal Civil Service Retirement Act, and Mrs. Valdez, the employee spouse, selected the joint survivorship option. The Texas Supreme Court held that Mrs. Valdez succeeded to the survivor portion of the annuity benefit under the terms of the contract with her employer.

■ The Act provides that retirement annuity benefits may be divided in accordance with state law, and also permits a survival annuity election for the benefit of a former spouse. 5 U.S.C. §§ 8339, 8345(j)(1). In this case the Hoppe's were divorced and the court divided their property pursuant to a negotiated, *agreed* settlement. The divorce court approved and incorporated this agreement into the divorce decree, finding it "just and right" pursuant to Tex.Fam.Code Ann. § 3.63 (Supp.1989).

■ By the terms of the agreement and decree, Edgar retained "all right, title and interest" in his retirement annuity. Marjorie received a portion of the annuity payments and was assigned a former-spouse survival annuity. The Act's survivorship option provided lower overall monthly payments while both Edgar and Marjorie were living, and continued payments to him if he survived her. It also, however, created in Marjorie a right to an annuity *if* she survived Edgar. 5 U.S.C. § 8341. Because Marjorie's right to a survivor's annuity under the Act was contingent upon her surviving Edgar, her estate retained no benefits to pass by will or intestacy. This is also consistent with the nontestamentary transfer provisions of Tex.Prob.Code Ann. §§ 436–450 (1980 & Supp.1989).

Edgar's second point of error is sustained. We reverse the district court order and remand the cause to the district court for entry of a clarification order consistent with this opinion.

---

1. The plan was administered under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* (1985). The federal preemptive issue, however, was not presented until the motion for rehearing, and presumably was waived.