TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00535-CV






Edward John Kadlecek, Jr., Appellant



v.



Marilyn Holtman Kadlecek, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT

NO. C84-373A, HONORABLE DON MORGAN, JUDGE PRESIDING






 Appellant Edward Kadlecek appeals the district court's postdivorce order that among
other things awarded a civil-service former-spouse survivor annuity to his former wife, appellee
Marilyn Kadlecek. Raising two issues, Edward contends that res judicata barred the postdivorce
award of the survivor annuity because the right to elect a survivor annuity was awarded to him
pursuant to the residuary clause in the agreed property-settlement portion of the parties' divorce
decree. Edward also contends that the district court erred by ordering that upon Marilyn's death, her
children could take her portion of the survivor annuity. We will reverse the district court's order to
the extent that it awards any portion of Edward's retirement benefits to Marilyn's children, and
affirm the order in all other respects.


Background


Relevant provisions of the divorce decree

 Edward and Marilyn were married in 1962 and divorced in 1985. The divorce decree
incorporated the parties' property settlement agreement in its entirety. The parties' detailed
agreement addressed Edward's civil-service retirement benefits and awarded Marilyn "a portion of
any retirement pay received by [Edward] as a civil service employee, if any, from his retirement
plan," provided a formula for calculating her portion of the retirement benefits, and set out
arrangements for her to receive payments. The property settlement agreement also contained the
following residuary clause:


It is further ordered and decreed, as part of the division of the estate of the parties,
that any community property or its value not otherwise awarded by this decree is
awarded to the spouse in possession or control of the property.



The agreement, however, was silent regarding the right to a civil-service former-spouse survivor
annuity. See 5 U.S.C.A. § 8341(h) (West Supp. 2001).


Marilyn's partition suit

 Fifteen years after divorce, Marilyn commenced this proceeding requesting that the
court enter further partition orders regarding civil-service employee benefits earned during the
parties' marriage. See Tex. Fam. Code Ann. § 9.201 (West 1998). Specifically, Marilyn alleged that
the divorce decree failed to partition the federal civil-service survivor annuity, which Edward had
earned during their marriage. She requested that the court partition the parties' right to the survivor
annuity and award her a former-spouse survivor annuity. Edward generally denied her allegation,
urged the affirmative defense of res judicata, and claimed that although a former-spouse survivor
annuity was not specifically addressed in the divorce decree, the right to elect a survivor annuity was
awarded to him under the residuary clause in the parties' property settlement agreement incorporated
into the decree. The parties waived a jury trial and submitted all issues to the court.


The postdivorce order

 The district court granted Marilyn relief and rendered a "Further Order Dividing Civil
Service Retirement Benefits." The district court ruled that Edward 


will be eligible for retirement benefits under the [Civil Service Retirement System]
based on employment with the United States Government. [Marilyn] is entitled to
a share of those benefits. . . . The Court finds that [Marilyn's] portion of those
retirement benefits have previously been ordered in a document entitled Judgment
of Divorce entered on June 1, 1995.



The order provided that "the Judgment of Divorce entered on June 1, 1985 which awarded [Marilyn]
retirement benefits did not divide nor award survivor benefits, nor were they contemplated by the
parties or counsel." The order further found that the divorce decree was ambiguous. The district
court apportioned the survivor annuity and, since Edward had remarried, awarded Marilyn a one-third interest in the maximum possible former-spouse survivor annuity and Edward's current spouse
a two-thirds interest in the maximum possible former-spouse survivor annuity.

 Additionally, separate from the award of the former-spouse survivor annuity, the
court's order provided that if Marilyn predeceases Edward, then Marilyn's surviving children would
be entitled to receive Marilyn's portion of Edward's retirement benefits in equal amounts. The order
also provided that, if any of Marilyn's children predecease her, that child's share of Marilyn's portion
of Edward's retirement benefits would be distributed among Marilyn's other surviving children.

 Edward moved for a new trial, but the motion was overruled by operation of law. No
findings of fact or conclusions of law were requested and none were filed. On appeal, Edward
declined to present for our review a reporter's record related to the court's rendition of the
postdivorce order. Further, the record before us does not reflect when or if Edward has retired from
the civil service. We are able to discern from the record that at the time the court rendered the
divorce in 1985, Edward had not retired and that at the time the court rendered the postdivorce order
Edward was sixty-six years old.


Discussion


 Edward contends that the district court erred in awarding the former-spouse survivor
annuity to Marilyn because the right to elect a survivor annuity was awarded to him under the
divorce decree, specifically, pursuant to the residuary clause of the parties' property settlement
agreement. He contends that Marilyn's postdivorce action is a collateral attack on the divorce decree
that is barred by res judicata.

 Texas courts follow an established procedure for interpreting property divisions in
divorce decrees. Community property not awarded or partitioned by a divorce decree is subject to
later partition between the former spouses, who are considered joint tenants or tenants in common.
Harrell v. Harrell, 692 S.W.2d 876, 876 (Tex. 1985); Busby v. Busby, 457 S.W.2d 551, 554 (Tex.
1970). The law is equally clear that when a divorce decree is not appealed and appears regular on
its face, the judgment will not be subject to a collateral attack in a subsequent suit. Hardin v.
Hardin, 597 S.W.2d 347, 350 (Tex. 1980).


Federal civil-service retirement benefits; survivor or former-spouse survivor annuities

 In order to review the issues presented, it is important to consider two types of
annuities: (1) a civil-service retirement annuity; and (2) a civil-service survivor or former-spouse
annuity. Although both annuities are paid after a civil-service employee separates from employment,
they are distinct employee benefits. (1) 

 We refer to the federal statutory provisions related to civil-service employees'
retirement. See The Federal Civil Service Retirement Act, 5 U.S.C.A. §§ 8331-8351 (West 1996
& Supp. 2001); see generally David R. McClure, Federal Retirement Plans, in 1 Texas Bar CLE
28th Annual Advanced Family Law Course, Tab 23, p.5 (2002). Beginning at age sixty-two, a
qualified civil-service employee, at retirement, is entitled to retirement benefits which will provide
monthly payments to the retiree during the retiree's lifetime. 5 U.S.C.A. § 8338(a) (West 1996). 
If a qualified civil-service employee is married at the time of retirement, a survivor annuity is
automatically provided for the spouse unless the retiree and the spouse jointly waive the spouse's
right to a survivor annuity in a written election filed with the appropriate federal office at the time
of retirement. 5 U.S.C.A. §§ 8339(j)(1), 8341 (West Supp. 2001). If a married retiree and spouse
do not jointly waive the survivor annuity at retirement, the day after the retiree dies the retirement
benefits cease, the survivor annuity commences, and the surviving spouse continues to receive
payments until the spouse's death or some other terminating event occurs. 5 U.S.C.A.
§§ 8341(b)(1), (c), 8345(c) (West 1996 & Supp. 2001). 

 In the event the retiree and spouse jointly waive the right to a survivor annuity, the
retiree receives a "self-only" annuity that provides payments to the retiree during the retiree's
lifetime only. 5 U.S.C.A. §§ 8339, 8345(c) (West 1996). Under the self-only annuity plan, because
there is no provision for continued payments to a survivor of the retiree, the annuity payments made
during the retiree's lifetime are greater than payments would be had the retiree and spouse not
waived the survivor annuity. See 5 U.S.C.A. § 8339 (West 1996).

 In addition, a former spouse of a deceased employee who separated from service with
title to retirement benefits will be entitled to a survivor annuity, referred to as a former-spouse
annuity, to the extent expressly provided for in the terms of a decree of divorce, court approved
property settlement agreement incident to the decree, any court order, or to the extent expressly
provided for in a statutory election. See U.S.C.A. 5 §§ 8341, 8339(j)(3) (West Supp. 2001). The
former-spouse annuity may terminate in accordance with an applicable court order, except that it
must terminate on the death of the former spouse. Id. § 8341(h)(3)(B).


Characterization

 Initially, we note that the Texas Supreme Court has characterized the right to elect
a civil-service survivor annuity earned during marriage as community property. Valdez v. Ramierz,
574 S.W.2d 748, 750 (Tex. 1978). Here, as in Valdez, a portion of the right to a survivor annuity
was earned during the parties' marriage. We, therefore, review whether the parties' divorce decree
addressed the community-property portion of the survivor annuity or whether that portion of the
annuity remained undivided community property subject to a postdivorce partition. 


Did the divorce decree address the right to a survivor annuity?

 Although many cases address postdivorce divisions of retirement benefits, few
involve civil-service survivor annuities. Further, we have found a dearth of case law addressing the
issue presented here, where we are asked to review a postdivorce order that awarded a former-spouse
survivor annuity when the parties' property settlement agreement explicitly apportioned the
retirement benefits but was silent regarding such an annuity.

 The rules of contract law govern the construction of a property settlement agreement
incorporated into a divorce decree. See Buys v. Buys, 924 S.W.2d 369, 372 (Tex. 1996). If the
agreement is worded so that the court can give it a certain or definite legal meaning, it is
unambiguous and we construe it as a matter of law. Id. (citing Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983)); see also Phillips v. Parrish, 814 S.W.2d 501, 503 (Tex. App.--Houston [1st Dist.]
1991, writ denied). We focus our review on the retirement clause and the residuary clause of the
parties' divorce decree.


The retirement clause

 The divorce decree apportioned the retirement benefits and provided that Marilyn was
to receive a percentage of any retirement pay that Edward receives. Only at Edward's death do
survivor-annuity payments commence. Edward, therefore, will never receive any survivor-annuity
payments. We hold that the language in the divorce decree's clause awarding Marilyn a portion of
any retirement pay that Edward receives was insufficient to award her the right to a survivor annuity.


The residuary clause

 We next consider whether a survivor annuity was awarded through the residuary
clause in the parties' divorce decree. The residuary clause provided, "any community property or
its value not otherwise awarded by this decree is awarded to the spouse in possession or control of
the property."

 Courts have held that "possession and control" as used in divorce-decree residuary
clauses refers to property over which one of the spouses has physical control or some power of
immediate enjoyment and disposition of the property. Smith v. Smith, 733 S.W.2d 915, 916 (Tex.
App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.); see also Dunn v. Dunn, 703 S.W.2d 317, 319
(Tex. App.--San Antonio 1985, writ ref'd n.r.e.); Yeo v. Yeo, 581 S.W.2d 734, 738 (Tex. Civ.
App.--San Antonio 1979, writ ref'd n.r.e.); Dessommes v. Dessommes, 505 S.W.2d 673, 676 (Tex.
Civ. App.--Dallas 1973, writ ref'd n.r.e.). Intangible property, such as contract rights or retirement
benefits, are not capable of immediate enjoyment. Dunn, 703 S.W.2d at 319; Yeo, 581 S.W.2d at
738; Dessommes, 505 S.W.2d at 676.

 These types of clauses are distinguishable from broadly worded clauses without the
possession-or-control language. See Tharp v. Tharp, 772 S.W.2d 467, 468-69 (Tex. App.--Dallas
1989, no writ); Jacobs v. Cude, 641 S.W.2d 258, 260 (Tex. App.--Houston [14th Dist.] 1982, writ
ref'd n.r.e.). Broadly worded clauses generally provide that "all other property" not specifically
divided in a property settlement agreement "is awarded" to one party. Such residuary clauses may
effectively convey intangible property such as retirement benefits and contract rights. See Buys, 924
S.W.2d at 375; Jacobs, 641 S.W.2d at 260; Tharp, 772 S.W.2d at 469.

 Edward contends that, despite the holdings in Smith, Dunn, Yeo, and Dessommes, the
following statement in Carreon v. Morales, a partition suit in which the residuary clause contained
the possession-and-control type language, is dispositive of the survivor-annuity issue in this case:
"it is the employee who controls the benefits and makes the election as to whether any annuity is paid
and whether there is a survivor's annuity and the beneficiary of such annuity." See 698 S.W.2d 241,
242 (Tex. App.--El Paso 1985, no writ) (holding retirement benefits and survivor annuity not
addressed in divorce decree nevertheless were controlled by civil-service employee spouse). Edward
argues that based on this language, at the time of divorce, he "controlled" the right to elect a survivor
annuity. To the extent Carreon addressed a civil-service employee's ability at the time of divorce
to control the right to a survivor annuity, we respectfully decline to follow the case.

 A federal civil-service survivor annuity and a former-spouse survivor annuity are
designed solely for the benefit of the spouse of the retiree, and, if provided by court order, a former
spouse of the retiree. The federal civil-service survivor annuity is a unique community property asset
in that, before retirement, neither spouse controls the right to elect a survivor annuity. The federal
plan provides that if at the time of retirement, a federal civil-service employee is married, a survivor
annuity will be provided for the retiree's spouse. See 5 U.S.C.A. § 8338(a) (West 1996). Only if,
at retirement, both spouses waive a survivor annuity does an option to elect a retirement plan without
a survivor annuity arise. Id.

 The residuary clause was insufficient to award either party the right to elect a survivor
annuity. We hold that the district court did not err in partitioning the parties' interests in the survivor
annuity and awarding Marilyn a former-spouse survivor annuity. Edward's first contention is
overruled.


Edward's second contention

 Edward also contends the district court erred by ordering that in the event Marilyn
predeceases him, the former-spouse survivor annuity is to be paid to Marilyn's children upon her
death. Edward contends that this part of the district court's order is contrary to federal law which
requires that former-spouse annuity payments must cease upon the death of the former spouse. See
5 U.S.C.A. § 8341(h)(3)(b); Hoppe v. Godeke, 774 S.W.2d 368, 370 (Tex. App.--Austin 1989, writ
denied).

 Edward correctly states the law, however, he has misinterpreted the order. The
portion of the district court's order relating to Marilyn's children provides:


8(b). The Court further Orders that if former spouse dies before employee, the
United States Office of Personnel Management is directed to pay former
spouses [sic] share of employee's Civil Service Retirement System benefits
to the surviving children of the former spouse, including any adopted children,
in equal shares. Upon the death of any child, that child's share shall be
distributed to the surviving children.



This provision refers to Marilyn's portion of Edward's retirement benefits and not to the former-spouse survivor annuity. The retirement benefits were divided in the parties' property settlement
agreement. In her postdivorce partition petition, Marilyn did not request that the district court make
any changes or modifications to the divorce decree's disposition of the retirement benefits. 

 Federal law provides that absent a court order, the entire sum of the retirement-benefits payment is restored to the retiree upon the death of the former spouse. 5 C.F.R.
§ 838.1012(a) (2001); see also McClure, Federal Retirement Plans, supra, at 23 ("No special
provision is required to restore the entire [retirement benefits] to the retiree upon the death of the
former spouse."). The law also provides that a court order may direct that the surviving children of
the marriage take the former spouse's portion of the retiree's retirement benefits, in the former
spouse's stead, in the event the former spouse predeceases the retiree. See 5 C.F.R. § 838.1012(b)
(2001); see also McClure, Federal Retirement Plans, supra, at 23. 

 The Texas Family Code authorizes a postjudgment partition of undivided property,
however, the code expressly prohibits a postjudgment modification of a division of property
contained in a decree of divorce. See Tex. Fam. Code Ann. §§ 9.007(a), .201, .203 (West 1998). 
The divorce decree apportioned the community-property portion of Edward's civil-service retirement
benefits and awarded a portion of those benefits to Marilyn. Under the decree, based on the federal
civil-service retirement plan, absent any language to the contrary, in the event Marilyn predeceases
Edward, the entire sum of the retirement benefits will be restored to Edward. This result, however,
has been altered by the district court's postdivorce order. As a result of the order, in the event
Marilyn predeceases Edward, the portion of the retirement benefits that would have been restored
to Edward under the divorce decree is now directed to be paid to Marilyn's children. This portion
of the postdivorce order modifies and changes the divorce decree's overall disposition of the parties'
property. Although the parties could have provided in their property settlement agreement that in
the event Marilyn predeceases Edward, their children would take Marilyn's portion of the retirement
benefits, they did not do so. We hold that by redirecting a portion of the retirement benefits
postdivorce, the district court improperly modified and changed the decree's overall property
disposition.


Conclusion


 We reverse only the part of the district court's order that awarded a portion of
Edward's retirement benefits to Marilyn's children in the event she predeceases Edward, and render
judgment that Marilyn's children take nothing pursuant to the order. In all other respects, we affirm
the district-court order.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed in Part; Reversed and Rendered in Part

Filed: December 19, 2002

Publish

1.   Because we refer to both types of annuities, to distinguish them we will refer to the "civil-service retirement annuity" as "benefits" and the "survivor or former-spouse annuity" as an
"annuity."