**Gracie Ritter and Terri FILIPP,
Appellants,**

**v.**

**James TILL, Appellee.**

**Mary Ann Poppe, Individually, and as Trustee of the Rudolph J. Bittner Revocable Living Trust and Trustee of the Robert W. Poppe and Mary A. Poppe Revocable Living Trust, Appellants,**

**v.**

**James Till, Appellee.**

Nos. 14–03–00647–CV, 14–03–00973–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 2006.

James A. Evans, Hallettsville, Leslie Werner de Soliz, Victoria, for appellants.

Jeff Rex Steinhauser, Flatonia, Heath Radley, El Campo, for appellee.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## OPINION

CHARLES SEYMORE, Justice.

This is a consolidated appeal from two lawsuits over the title to the real property of Rudolph Bittner, deceased. The first suit was filed by appellee, James Till, against appellant, Mary Poppe. The trial court granted a default judgment in favor of Till. The second suit was filed by appel-

lants, Gracie Ritter and Terri Filipp, against appellee, James Till. The trial court granted Till's special exceptions and dismissed the suit with prejudice. Appellants contend (1) the trial court lacked subject matter jurisdiction in the first suit; and (2) the trial court erred in granting Till's special exceptions in the second suit. Because we lack jurisdiction over the first suit, we dismiss cause number 14–03–00973–CV for want of jurisdiction. We reverse the judgment in cause number 14–03–00647–CV and remand for proceedings consistent with this opinion.

## BACKGROUND

In 1997, Rudolph J. Bittner executed a will in which he devised his farm to his niece, Mary Ann Poppe, or to her daughters, Gracie Ritter and Terri Filipp, if Poppe did not survive him. He intentionally made no provision for his nephew, Till. In 1999, Bittner executed a statutory durable power of attorney appointing Poppe as his attorney-in-fact. As Bittner's attorney-in-fact, Poppe created the Bittner revocable living trust. Bittner was named the trustee, and Poppe was named the successor trustee at Bittner's death. Poppe executed a warranty deed conveying the farm from Bittner to "Bittner as trustee of the trust." According to the trust documents, Poppe was to receive the farm at Bittner's death.

Bittner died January 7, 2001. Two months later, Poppe, acting as trustee of the Bittner trust, executed a warranty deed conveying the farm from the Bittner trust to her own trust. On September 4, 2001, Till filed suit against Poppe (the first suit) requesting a declaration of the rights and legal relations under the trust agreement and warranty deeds. On May 23, 2002, a default judgment was entered in favor of Till in which he was declared to be the owner of the farm. Poppe filed a

motion for new trial and an independent Bill of Review, both of which were denied.

On February 10, 2003, Bittner's will was admitted to probate as a muniment of title. On the same day, Poppe filed a document disclaiming her interest in any property she might be entitled to under the will. Ritter and Filipp then filed suit against Till (the second suit) in which they asked the trial court to declare them the owners of the farm, and to declare the Bittner trust void. Till filed special exceptions, which the court sustained. The trial court dismissed Ritter and Filipp's suit with prejudice. The first and second suits were consolidated into this single appeal.

## SUBJECT MATTER JURISDICTION (APPEAL FROM THE FIRST SUIT)

In the first issue, Poppe claims the trial court in the first suit lacked subject matter jurisdiction; therefore, the default judgment in that case is void. The default judgment was signed May 23, 2002. A motion for new trial was timely filed June 10, 2002. Poppe's notice of appeal was filed August 8, 2003. When appellant has filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law, the notice of appeal must be filed within ninety days after the date the judgment is signed. *See* TEX.R.APP. P. 26.1(a). Appellant's notice of appeal was not filed timely. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997). Poppe's notice of appeal was due August 21, 2002, but was not filed until almost a year later. Therefore, Poppe's notice of appeal was not filed within the fifteen-day

period provided by rule 26.3. Accordingly, we dismiss cause number 14–03–00973–CV for want of jurisdiction.[1]

### TRESPASS TO TRY TITLE (APPEAL FROM THE SECOND SUIT)

### *Background*

In their second and third issues, Ritter and Filipp contend the trial court erred in granting Till's special exceptions in the second suit. At the time Bittner's will was admitted to probate as a muniment of title, Poppe disclaimed her interest in the farm. Poppe's daughters, Ritter and Filipp, filed a trespass to try title suit against Till asserting their right to the farm under the will. In their suit, they also sought a declaration that the Bittner trust was void. Till filed special exceptions alleging Ritter and Filipp failed to state a cause of action because the property passed to the Bittner trust and was not part of Bittner's estate at the time of his death. Because the property was not part of the estate, Till alleged Ritter and Filipp had no interest under the will. The trial court granted Till's special exceptions and dismissed the suit with prejudice.

### *Ownership Interest in the Farm*

■ Till first asserts Ritter and Filipp have no standing to maintain the trespass to try title suit because they have no ownership interest in the property at issue. Standing is implicit in the Texas Constitution's open courts provision, which contemplates access to the courts only for parties suffering an injury. *The M.D. Anderson Cancer Center v. Novak,* 52 S.W.3d 704, 708 (Tex.2001). Standing is a threshold issue that implicates subject matter jurisdiction and emphasizes the need for a concrete injury for a justiciable claim to be

presented. *Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex.1998). In contrast, whether a plaintiff has sufficiently stated a cause of action for trespass to try title is determined by Rule of Civil Procedure 783, which requires the plaintiff to recover on the strength of his or her title. Although Till raises the issue of "standing" in his brief, he actually is arguing that Ritter and Filipp have no interest in the property on which to base their cause of action.

■ Ritter and Filipp contend they obtained title to the farm through probate of Bittner's 1997 will and Poppe's disclaimer of her interest in the property under the will. *See* TEX. PROB.CODE ANN. § 37A(a) (Vernon 2003). Section 37 of the Probate Code provides, in part, "when a person dies, leaving a will, all of his estate devised or bequeathed by such will ... shall vest immediately in the devisees and legatees of such estate," subject only to payment of the testator's debts. TEX. PROB.CODE ANN. § 37 (Vernon 2003); *Kelley v. Marlin,* 714 S.W.2d 303, 305 (Tex.1986). This is because "there is never a time when title is not vested in someone." *Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581, 584–85 (Tex.1993). A right to the property is conferred on the devisee as effectively as if the transfer had been made in the form of a deed by the testator. *Ferguson v. Ferguson,* 111 S.W.3d 589, 596 (Tex.App.-Fort Worth 2003, pet. denied). Therefore, at the time Bittner died, title to the Bittner farm vested immediately in Poppe. Subsequently, Till obtained a default judgment which did not set aside Bittner's will because the Bittner estate was not included in Till's suit. Accordingly, we acknowledge that the default judgment could be effectual to disgorge Poppe

---

1. If, as appellant contends, the default judgment is void, the judgment is subject to collateral attack. *Dispensa v. University State*

*Bank,* 987 S.W.2d 923, 931 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

and all others of any right, title or interest in the farm; however, once Bittner's will was admitted to probate, it became effectual as proof of title to the property devised by the will. TEX. PROB.CODE ANN. § 94 (Vernon 2003); *American Economy Ins. Co. v. Tomlinson,* 12 F.3d 505, 508 (5th Cir.1994). In other words, after it has been probated, a will becomes evidence of the right of the devisees and legatees to take their devises and bequests, and their title is subject to defeasance only in the event that the order probating the instrument is set aside in a subsequent suit to contest its validity. *Id.* Applying these principles to this case, once Bittner died, the farm vested immediately in Poppe subject to payment of any debts. However, the default judgment was not a complete adjudication of Bittner's estate and Poppe's interest in the farm was properly the subject of an order admitting the Bittner will to probate.

The day the will was admitted to probate Poppe attempted to disclaim her interest in the farm. Poppe's disclaimer, however, was not effective because it was not in compliance with the statutory requirements. A written memorandum disclaiming a present interest must be filed within nine months after the death of the decedent. TEX. PROB.CODE ANN. § 37A (Vernon 2003). Bittner died January 7, 2001. Poppe filed her disclaimer February 10, 2003, long after the nine-month deadline.

■ A disclaimer that is ineffective for failure to comply with statutory requirements results in an assignment to those who would have received the property had the person attempting to disclaim predeceased the testator. TEX. PROB.CODE ANN. § 37A (Vernon 2003). A plain reading of this statute militates our conclusion that an ineffective disclaimer results in an assignment to those who would receive the

interest if the person who attempted to disclaim had died before the decedent. This section does not describe any special requirements for the ineffective disclaimer to constitute an assignment and does not refer the reader to any other statute.

■ In support of his proposition that Ritter and Filipp cannot maintain a cause of action, Till cites *In re Estate of Hamill,* 866 S.W.2d 339, 344 (Tex.App.-Amarillo 1993, no writ). In *Hamill,* the court, relying on *Thompson v. Lawson,* 793 S.W.2d 94 (Tex.App.-Eastland 1990, writ denied), found that for an ineffective disclaimer to act as an assignment, the disclaimer must meet the requirements of a gift. *Hamill,* 866 S.W.2d at 344. The three elements necessary to establish the existence of a gift are: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Id.* Till contends that because the ineffective disclaimer contains no evidence of donative intent, it is not an effective assignment of the rights under the will.

In *Thompson v. Lawson,* 793 S.W.2d at 94, the Eastland Court of Appeals found that an ineffective disclaimer under section 37A of the Probate Code must satisfy the requirements of section 37B of the Probate Code to be effective as an assignment. *Id.* The court cited no authority for this proposition. We respectfully disagree with the Eastland Court of Appeals because their conclusion is contrary to the plain meaning of the statute. We further disagree with the court in *In re Estate of Hamill,* because it relies on *Thompson v. Lawson,* for the proposition that an ineffective disclaimer must meet the requirements of a gift to be an effective assignment.

Under Section 37A, an ineffective disclaimer acts as an assignment regardless of whether the disclaimer meets the qualifications of a gift. Section 37A provides, "Failure to comply with the provisions

hereof shall render such disclaimer ineffective except as an assignment of such property to those who would have received same had the person attempting the disclaimer died prior to the decedent." TEX. PROB.CODE ANN. § 37A (Vernon 2003). Section 37B states, "A person entitled to receive property or an interest in property from a decedent under a will, ... who does not disclaim the property under section 37A of this code, may assign the property or interest to any person." TEX. PROB. CODE ANN. § 37B(a). The statute expresses that an assignment is not a disclaimer; therefore, a party need not comply with the requirements for a disclaimer under section 37A. *Id.* at (c)—(d). Nothing in the Probate Code indicates that additional requirements must be met for an ineffective disclaimer to result in an assignment under Section 37A, or that it should be construed with Section 37B.

Sections 37A and 37B are different sections and have different results. Section 37A allows a beneficiary to renounce his or her inheritance. This disclaimer relates back to the date of death of the decedent and is not subject to the claims of any creditor of the disclaimant. TEX. PROB. CODE ANN. § 37A (Vernon 2003). If the disclaimer complies with the statute and is effective, the disclaimed property passes "as if the person disclaiming or on whose behalf a disclaimer is made had predeceased the decedent and a future interest that would otherwise take effect in possession or enjoyment after the termination of the estate or interest that is disclaimed takes effect as if the disclaiming beneficiary had predeceased the decedent." *Id.* Upon disclaimer, the property passes to those who would have received it had the disclaimant predeceased the decedent.

Under section 37B, a beneficiary can designate recipients of the property. If a beneficiary wishes to assign the property to a particular person, he or she would not attempt a disclaimer under section 37A. Unlike section 37A, section 37B places no restriction on the persons to whom the property may be assigned. Section 37A places no restrictions or conditions on when an ineffective disclaimer may become an effective assignment. Thus, under section 37A, whether the document is a disclaimer or an assignment, the property passes to those who would have taken if the disclaimant had predeceased the decedent. *Tate v. Siepielski,* 740 S.W.2d 92, 93–94 (Tex.App.-Fort Worth 1987, no writ).

We conclude Poppe's ineffective disclaimer was effective as an assignment of her interest in the farm to her daughters. Therefore, Ritter and Filipp have an interest in the property sufficient to maintain a cause of action for trespass to try title.[2]

### Ademption

■■ Till filed special exceptions alleging the daughters' suit was precluded by the theory of ademption. Ademption describes the extinction of a specific bequest or devise because of the disappearance or disposition of the subject matter from the estate of the testator during his lifetime. *San Antonio Foundation v. Lang,* 35 S.W.3d 636, 641–42 (Tex.2000). Unless the testator specifically provides otherwise in the will, the sale or removal of a specific bequest from the estate adeems the devise or bequest. *Id.* at 642. Till claimed the farm was conveyed to the Bittner trust prior to Bittner's death; consequently, when Bittner died, he did not own the farm. Therefore, Till contends the order admitting Bittner's will to probate as a

**2.** Even if this court found donative intent necessary for an effective assignment, we would reach the same result because we would remand to the trial court for consideration of evidence on donative intent.

muniment of title gave Ritter and Filipp no property interest sufficient to maintain the suit. The trial court granted the special exceptions and dismissed the suit with prejudice without permitting Ritter and Filipp an opportunity to replead.

When a trial court dismisses a case upon special exceptions for failure to state a cause of action, we review that issue of law using a de novo standard of review. *See Butler Weldments Corp. v. Liberty Mut. Ins. Co.*, 3 S.W.3d 654, 658 (Tex.App.-Austin 1999, no pet.). When reviewing a dismissal based upon special exceptions, we also must accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in the respondent's pleadings. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex.1994). If a pleading states a cause of action, the trial court errs in dismissing the entire case. *See Holt v. Reprod. Servs., Inc.*, 946 S.W.2d 602, 605 (Tex.App.-Corpus Christi 1997, writ denied).

Ritter and Filipp contend the Bittner trust is void because Poppe did not have authority to create the trust. Poppe attempted to create the Bittner trust under a durable power of attorney. The Texas Trust Code dictates that a trust is created "only if the settlor manifests an intention to create a trust." TEX. PROP. CODE ANN. § 112.002 (Vernon 1995). An agent acting under a power of attorney cannot have the requisite intent to create a trust. Section 499(6) of the Probate Code provides that if the principal has created a trust prior to his incapacity, the agent is authorized to transfer the principal's property to that trust. This power does not appear to allow the agent to create a trust and transfer property to it. Kathleen Ford Bay, *Tax, Fiduciary, and Other Issues Regarding a Financial Power of Attorney*, STATE BAR OF TEXAS, ADVANCED ESTATE PLANNING AND PROBATE COURSE 2002. Because no trust was created, the attempted conveyance of the farm to the trust was ineffective. Accordingly, we hold that the farm remained in Bittner's estate when he died, subject to devise under the will.

A trial court may not render judgment against parties for failure of their pleadings to state a claim upon which relief can be granted without first identifying the pleading deficiency and allowing the parties to amend their pleadings, unless the pleadings affirmatively negate the existence of a claim or the record otherwise reflects that the deficiency cannot be cured by amendment. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The order admitting Bittner's will to probate as muniment of title gave Ritter and Filipp a cognizable claim to the farm as though the record of title vested in their names. TEX. PROB.CODE ANN. § 89C (Vernon 2003). Therefore, Ritter and Filipp sufficiently stated a cause of action for trespass to try title to the farm. TEX.R. CIV. P. 783; *see also Wells v. Kansas Univ. Endowment Ass'n*, 825 S.W.2d 483, 486 (Tex.App.-Houston [1st Dist.] 1992, writ denied) (The plaintiff in an action in trespass to try title must recover, if at all, on the strength of his or her own title). Because Ritter and Filipp stated a cause of action for trespass to try title, the trial court erred in dismissing the case on special exceptions.

The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.

EDELMAN, J., concurring in result only.