Opinion issued May 17, 2007

 














In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00090-CV






ROBERT EZIRIKE, Appellant


V.


EUCHARIA ANTHONY, Appellee






On Appeal from the 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 02-CV-123270






MEMORANDUM OPINION

 Appellant, Robert Ezirike, appeals from the trial court's order awarding his ex-wife, appellee Eucharia Anthony, a 50% interest in his 401k and retirement plan. 
Eucharia filed this suit for post-divorce division of community property alleging that
Robert's 401k and retirement plan were community property that were not divided
in the original divorce decree. In four issues, Robert contends that the trial court
erred by (1) denying his motion for summary judgment "on the basis of res judicata
and/or collateral estoppel"; (2) granting Eucharia an interest in his 401k and
retirement plan because the parties had signed a Rule 11 (1) agreement that divided the
community interest in Robert's 401k and retirement plan by agreement; (3) using an
incorrect date for the effective date of divorce; and (4) determining that an $11,875
payment to Eucharia was a gift because there was no evidence that he had the intent
to make a gift. We conclude that (1) Robert may not appeal the denial of his motion
for summary judgment after a trial on the merits, (2) the Rule 11 agreement is not
applicable because it did not partition the parties' community property interest in the
401k or retirement plan, (3) the trial court did not use an incorrect date of divorce to
determine the date for the division of community property, and (4) Robert's failure
to provide a record for this appeal requires that we presume that the trial court heard
evidence sufficient to support its finding that Robert intended the $11,875 payment
as a gift. We therefore affirm.


Background Robert and Eucharia were married in 1987. During the marriage they had three
children. (2) In 1995, Robert filed for divorce, but the case was never prosecuted to a
conclusion. In June 1999, Eucharia commenced an action for child support in Fort
Bend County. In August 1999, Robert again filed for divorce in Harris County. On
February 12, 2001, in Harris County district court, the parties appeared. The parties
dispute whether the Harris County district court granted the petition for divorce. The
case was then transferred to Fort Bend County and the parties attempted to reach an
agreement for a final divorce decree because, according to Robert, "the only issue
[Eucharia] was contesting at the relevant time" was child support. 

 As the parties were negotiating, the Office of the Attorney General held a Child
Support Review Meeting. Both parties and their counsel attended this meeting on
August 21, 2001. At the meeting, the parties entered into a Rule 11 agreement. The
agreement provides,

 1. [Robert] would waive all of his claims for over-payments of child
support including but not limited to the $1750 shown on the AG's
report, the $3280 paid by checks, and his $6000 tax-refund check
paid to [Eucharia];


 2. [Eucharia] shall complete her parenting class no later than
Saturday August 25, 2001. Otherwise a Motion for contempt
would be promptly filed as an Agreed Motion by both attorneys;


 3. [Eucharia] shall waive all claims she has to any outstanding
payments due to her by [Robert];


 4. The parties agree that they shall adopt and incorporate the Child
Support Review Order prepared today by the AG's office;


 5. The parties agree that acting by and through their respective
counsels they shall file in Fort Bend County an Agreed Final
Divorce Decree on Monday, August 27 2001[; and]

 

 6. This represents the final Agreement between the parties and their
counsels as of today August 21, 2001. This Agreement is effective
today August 21, 2001.


 Thereafter, the Fort Bend County district court entered an Agreed Final Decree
of Divorce on March 25, 2002. The divorce decree states, in pertinent part,

DIVORCE


 IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED
that the marriage between ROBERT O. EZIRIKE and EUCHARIA
[Anthony], Petitioner and Respondent respectively, is DISSOLVED and
a DECREE OF DIVORCE IS GRANTED.


 . . . . 


DIVISION OF MARITAL ESTATE


 The Court finds that the only community property accumulated by
the parties is the house located at 3118 Clyburn Court, Missouri City,
Texas 77459. The said property is awarded to Respondent, EUCHARIA
[Anthony] as her separate property.


 IT IS ORDERED AND DECREED that Petitioner, Robert
Ezirike's Toyota is awarded to him, and Respondent's Lexus is awarded
to her. All other personal effects of the parties are awarded to the party
having possession of it.


 . . . .

RULE 11 AGREEMENT


 The parties hereby incorporate by reference the Rule 11 Agreement
executed by them and their counsels on August 21, 2001.


 Eucharia filed a motion for new trial on April 10, 2002, asserting that there was
"other marital property which has not been distributed." The trial court denied the
motion for new trial, but ordered that the sentence, "All other personal effects of the
parties are awarded to the party having possession of it," be stricken from the Agreed
Final Decree of Divorce. 

 On October 23, 2002, Eucharia filed an "Original Petition for Postdivorce
Division of Property." In this petition, Eucharia alleged, "The Final Decree of Divorce
failed to dispose of the parties' marital interest in 401K and Retirement Fund." She
also alleged, "This is a proceeding to divide property not divided on divorce." 
Robert asserted in his answer that the Agreed Final Decree of Divorce disposed of all
the community property of the parties and that Eucharia's suit was "an impermissible
collateral attack on the divorce decree." Robert moved for summary judgment on the
ground that Eucharia's suit was barred by the doctrines of res judicata and collateral
estoppel. The trial court denied Robert's motion for summary judgment. After a trial
to the bench, the trial court entered an order stating that the 401k and retirement plan
had not been divided in the Agreed Final Decree of Divorce and awarding Eucharia
a 50% interest in each as of March 25, 2002.


Denial of Robert's Motion for Summary Judgment In his first issue, Robert contends that the trial court erred in denying his motion
for summary judgment. Robert moved for summary judgment on the grounds that the
current suit was barred "on the basis of the doctrines of res judicata and\or collateral
estoppel." However, the denial of a motion for summary judgment may not be
reviewed on appeal after a trial on the merits, and the motion itself does not preserve
for appeal the issues raised in the motion. Tricon Tool & Supply, Inc. v. Thumann, No.
01-04-01061-CV, 2006 WL 3316993, at *12 (Tex. App.--Houston [1st Dist.] Nov.
16, 2006, no pet.). Here, Robert presented his motion for summary judgment to the
trial court, and the court denied it. A trial on the merits followed. In these
circumstances, we cannot review the denial of his summary judgment, and the issues
of res judicata and collateral estoppel are not preserved for appeal. See id. (holding
denial of summary judgment motion on ground of collateral estoppel not reviewable
on appeal after trial on merits and that collateral estoppel issue not preserved for
appellate review). We hold that Robert's challenge to the summary judgment ruling
is waived. See id.

 We overrule Robert's first issue.

Rule 11 Agreement

 In his second issue, Robert contends that the trial court erred by dividing
community property that had already been divided in the Agreed Final Decree of
Divorce. Specifically, Robert asserts that the Rule 11 agreement between the parties
was a property settlement agreement and "its residuary clause(s) provides for division
of all of the parties['] community property including the not specifically mentioned
appellant's 401k and retirement benefits." Eucharia responds that the plain language
of the Rule 11 agreement shows that it was not a property settlement agreement. 

 The intent of the parties to a Rule 11 agreement must be determined from the
language of the entire agreement. See Sitaram v. Aetna U.S. Healthcare of N. Tex.,
Inc., 152 S.W.3d 817, 824 (Tex. App.--Texarkana 2004, no pet.). Further, in
construing a property settlement agreement incorporated into a divorce decree, the
rules of contract construction apply. Buys v. Buys, 924 S.W.2d 369, 372 (Tex. 1996). 
 A court must ascertain the intent of the parties to a property settlement agreement
from the language of the entire instrument. In re Marriage of Smith, 115 S.W.3d 126,
132 (Tex. App.--Texarkana 2003, pet. denied) (citing Appleton v. Appleton, 76
S.W.3d 78, 84 (Tex. App.--Houston [14th Dist.] 2002, no pet.)).

 Viewing the agreement as a whole, it mentions only child support matters. It
does not mention any other property of the community estate. The agreement begins
by stating that Robert waived all claims for overpayments of child support. The only
thing that Eucharia gave up was her claim to any "outstanding payments." The
agreement does not mention any property and does not attempt to divide the parties'
community interest in any property. The plain language of the agreement therefore
does not show the parties' intent to enter into an agreed property settlement as Robert
contends. See id. We hold that the property distribution ordered by the trial court is
not constrained by the Rule 11 agreement.

 We overrule Robert's second issue.

Personal Effects

 In his third issue, Robert contends that the trial court erred by dividing the 401k
plan because it is not a "personal effect." Robert contends that, in filing this suit for
the post-divorce division of community property, Eucharia relied on the trial court's
striking the following sentence from the original decree: "All other personal effects
of the parties are awarded to the party having possession of it." Robert maintains that
a 401k and retirement plan are not personal effects and, thus, "not subject to post-divorce division as personal effects." Thus, Robert contends that the trial court's
striking of the language in the divorce decree relating to personal effects does not
authorize Eucharia to bring this suit for post-divorce division of property.

 However, the Family Code specifically provides for the post-divorce division
of community property that was not divided in a final decree of divorce. See Tex.
Fam. Code Ann. § 9.201 (Vernon 2006). "Either former spouse may file a suit as
provided by this subchapter to divide property not divided or awarded to a spouse in
a final decree of divorce or annulment." Id. § 9.201(a). "If a court of this state failed
to dispose of property subject to division in a final decree of divorce or annulment
even though the court had jurisdiction over the spouses or over the property, the court
shall divide the property in a manner that the court deems just and right . . . ." Id.
§ 9.203(a) (Vernon 2006); see also Kadlecek v. Kadlecek, 93 S.W.3d 903, 909 (Tex.
App.--Austin 2002, no pet.) (acknowledging that sections 9.201 and 9.203 allow for
post-divorce division of community property not divided in original decree). Here,
Eucharia filed an "Original Petition for Postdivorce Division of Property" specifically
alleging, "The Final Decree of Divorce failed to dispose of the parties' marital interest
in 401K and Retirement Fund" and that "[t]his is a proceeding to divide property not
divided on divorce."

 The divorce decree in this case did not make any mention of Robert's 401k or
retirement plan. The decree specifically states, "The Court finds that the only
community property accumulated by the parties is the house located at 3118 Clyburn
Court, Missouri City, Texas 77459." (Emphasis added). In addition, as discussed
above, the Rule 11 agreement that was incorporated into the decree did not divide any
community property of the estate. Therefore, we conclude that this suit was properly
brought for the post-divorce division of community property not divided in the
original divorce decree. See Kadlecek, 93 S.W.3d at 909.

 We overrule this portion of Robert's third issue.

Date of Divorce

 Robert asserts that the trial court erred by determining the community interest
in the 401k and retirement plan based on a date of divorce of March 25, 2002. Robert
contends that the parties were divorced on February 12, 2001, and thus the trial court
should have determined the community interest in the 401k and retirement plan as of
that date. 

 Judgment is rendered "when the decision is officially announced orally in open
court, by memorandum filed with the clerk, or otherwise announced publicly." In re
R.A.H., 130 S.W.3d 68, 70 (Tex. 2004) (quoting Garza v. Tex. Alcoholic Beverage
Comm'n, 89 S.W.3d 1, 6 (Tex. 2002)). Ordinarily, a docket sheet entry is not part of
the record and "cannot contradict or take the place of a written order or judgment." 
In re Bill Heard Chevrolet, Ltd., 209 S.W.3d 311, 315 (Tex. App.--Houston [1st
Dist.] 2006, orig. proceeding) (citing Smith v. McCorkle, 895 S.W.2d 692, 692 (Tex.
1995)). Generally, a docket sheet is "insufficient to constitute a judgment or decree
of the court." Id. In some circumstances a docket sheet entry can be used as evidence
that the judgment was orally rendered on a certain date. Id.; see also Tex. Fam. Code
Ann. § 101.026 (Vernon 2002) (providing that, in suits affecting parent-child
relationship, "render" means trial court's pronouncement "orally in the presence of the
court reporter or in writing, including on the court's docket sheet or by a separate
written instrument"); Dearing v. Johnson, 947 S.W.2d 641, 643 (Tex.
App.--Texarkana 1997, no writ) (holding that judge's affidavit that he orally rendered
judgment combined with docket sheet entry, "divorce granted," amounted to rendition
of judgment). However, "'[w]hen there is a question concerning the date judgment
was rendered, the date the judgment was signed prevails over a conflicting docket
sheet entry.'" In re R.A.H., 130 S.W.3d at 69-70 (quoting Garza, 89 S.W.3d at 7).

 Robert contends that divorce was granted by the Harris County district court on
February 12, 2001, not by the Fort Bend County district court on March 25, 2002. The
evidence that Robert cites in support of this is an entry on the Harris County court's
docket sheet stating, "Div[orce] granted J[udgment] rendered Don't sign
decree--Should be in Ft. Bend Cty." However, there is no other evidence to support
Robert's contention that the trial court granted the divorce. There is no reporter's
record from the proceedings on February 12, 2001, to show that the Harris County
court orally announced its decision. See id. at 70. Further, it is undisputed that the
Fort Bend County district court signed a divorce decree on March 25, 2002. The
signed, written decree "prevails over a conflicting docket sheet entry." Id. at 69-70
(quoting Garza, 89 S.W.3d at 7); see also Dearing, 947 S.W.2d at 643. Thus, the
written decree signed by the court on March 25, 2002, prevails over the prior docket
sheet entry. We hold that the trial court did not err by using March 25, 2002, as the
date of divorce.

 We overrule this portion of Robert's third issue.

Gift

 In his fourth issue, Robert asserts that the trial court erred in construing the
$11,875 payment Robert made to Eucharia pursuant to the Rule 11 agreement as a gift. 
Specifically, Robert contends that the testimony at trial showed that he had no
donative intent to make a gift and that Eucharia acknowledged this fact during trial. 
Eucharia responds that Robert has not paid for the preparation of a reporter's record
and, thus, there is no testimony for this Court to review.

 A gift from one spouse to another is an enforceable transaction if (1) there was
an intent to make a gift, (2) the property was delivered, and (3) there was an
acceptance of the gift. Filipp v. Till, Nos. 14-03-00647-CV, 14-03-00973-CV, 2006
WL 3258701, at *3 (Tex. App.--Houston [14th Dist.] March 15, 2006, no pet.). 
Robert maintains that the evidence at trial showed conclusively that the payment of
$11,875 was not intended as a gift. When, as here, there is neither a reporter's record
nor findings of fact, we presume that the trial court heard evidence sufficient to make
findings that support its judgment. Vickery v. Comm'n for Lawyer Discipline, 5
S.W.3d 241, 251 (Tex. App.--Houston [14th Dist.] 1999, pet. denied). We therefore
presume that the record supports a finding that the $11,875 payment to Eucharia was
intended as a gift.

 We overrule Robert's fourth issue.




Conclusion

 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.
1. Tex. R. Civ. P. 11.
2. There are no issues involving the children or child support presented in this appeal.